### HORACE LEEDS ET AL. v. GUSTAVE MUELLER, EXECUTOR, &c.

A defendant in an attachment issued by a justice of the peace, who has not appeared in the action in the manner prescribed by sections 65 and 66 of the "Act for the relief of creditors against absconding and absent debtors" (*Rev.*, p. 41), has no right of appeal to the Common Pleas from a judgment rendered thereon, and his appeal confers no jurisdiction on that court.

Upon an affidavit of a debt due from " the estate of Henry Mueller," a justice of the peace issued a writ of attachment against the effects of " the estate of Henry Mueller."

Gustave Mueller, executor of Henry Mueller, came before the justice, protested against his jurisdiction, and moved to quash the writ. The justice refused the motion, but amended his proceedings so as to make Gustave Mueller, executor of the estate of Henry Mueller, appear as the defendant, and rendered judgment against him. Gustave Mueller had not entered appearance or given bonds under the Attachment act. *Rev.*, p. 41, §§ 65, 66.

Gustave Mueller applied for and was allowed an appeal to the Common Pleas of the county, which court, upon his motion, quashed the writ of attachment, on the ground that the affidavit was illegal and insufficient.

This *certiorari* brings up the judgment of the Common Pleas.

Argued at February Term, 1889, before Justices MAGIE and GARRISON.

For the prosecutors, *S. E. Perry.*

For the defendant, *A. Stephany.*

The opinion of the court was delivered by

MAGIE, J.  Prosecutors, who were plaintiffs in the attachment issued by the justice of the peace, object to the judgment of the Common Pleas, on the ground that the appeal conferred on it no jurisdiction over the attachment proceedings or judgment.

The act of March 8th, 1798, which conferred power on a justice of the peace to issue writs of attachment, did not confer that power upon him as a judge in the court for the trial of small causes.  *Rev. L., p.* 362, § 33 ; *Laird* v. *Abrahams,* 3 *Gr.* 22.  That act gave no right of appeal, and it is evident that the provisions for appeal contained in the act constituting courts for the trial of small causes were not applicable to attachments so issued.

When the Attachment act was revised in 1846, the phraseology of the section which conferred power on a justice of the peace was changed so as to require him to issue his writ of attachment out of the court for the trial of small causes. *R. S., p.* 61, § 49.  The same phraseology has been retained. *Rev., p.* 53, § 62.

Yet legislation conferring power on a justice of the peace to issue an attachment has been found, when judicially examined, to have been kept distinct from legislation conferring power on the same officer when sitting in the court for the trial of small causes, and it was said in this court, that it has always been considered that proceedings in attachment before a justice of the peace are not in pursuance of the act constituting courts for the trial of small causes or in conformity with its provisions, except as directed by the Attachment act. *Wright* v. *Moran,* 14 *Vroom* 49.

If, therefore, it could be assumed, as contended here, that all proceedings before a justice in attachment are proceedings in the court for the trial of small causes, the question of a right of appeal to the Common Pleas would not be settled.

The case of *Williamson* v. *Middlesex*, 13 *Vroom* 386, is not in point. There a suit in debt for a penalty was prosecuted to judgment in the court for the trial of small causes and the judgment was appealed to the Common Pleas. The statute which gave the penalty provided for a suit before a justice of the peace, and an appeal to the Quarter Sessions. So it was evident that the justice had no jurisdiction over the subject matter of the suit in the court for the trial of small causes. Yet it was held that the appeal would lie and the jurisdiction of the inferior court could be reviewed, because the proceedings were taken in that court under color of the act which conferred jurisdiction on it, and so the judgment appearing on its records became subject to the appeal given by that act.

But in the case before us the proceedings, if they can be claimed to have been taken in the court for the trial of small causes, were so taken, not by virtue of the provisions of the act constituting those courts, but by virtue of the Attachment act, and the right of appeal must depend on its provisions. An appeal is not of common right, but a creature of statute. If, therefore, the Attachment act does not, either by its own provisions or by the adoption of the provisions of the act constituting courts for the trial of small causes, provide for an appeal, none will lie.

As before stated, the act of 1798 gave no appeal. A supplement of March 15th, 1832, gave to any defendant in an attachment issued by a justice of the peace the right to appear in the action upon giving a prescribed bond. Upon such appearance, it was enacted that the cause should thereafter be conducted in all things in like manner as if commenced by summons or warrant under the act constituting courts for the trial of small causes. *Harr. Comp.* 405. Chief Justice Hornblower seems to have been of opinion (though evidently with some doubt) that, by this supplement, a right to appeal was conferred when a defendant had so appeared. *Laird* v. *Abrahams, supra.* To set at rest any doubt on this subject, a further supplement of February 28th, 1837, specifically gave an appeal whenever a defendant had appeared in the

manner prescribed by the supplement of 1832. *Pamph. L.* 1837, *p.* 233. Subsequent revisions have included this clause, and an appeal has thus been expressly provided for, whenever defendant has appeared and given bond. *R. S., p.* 62, § 53; *Rev., p.* 54, § 65. No such appearance can be effected except by giving bond. *Davis* v. *Mahany,* 9 *Vroom* 104.

There is no other grant of a right of appeal contained in the Attachment acts. The specific grant in the instance mentioned necessarily excludes any inference of a right of appeal in other instances.

The result is, that defendant, who did not appear in the manner prescribed, had no right of appeal, and his action in that behalf did not confer on the Common Pleas any jurisdiction to adjudicate thereon. Its judgment must, therefore, be reversed.

Counsel for both parties have presented and argued several questions involving the validity of the judgment rendered by the justice of the peace. The arguments were made under a stipulation, signed by counsel, agreeing to submit to us those questions. While this will not justify an authoritative adjudication upon the judgment, it renders it not improper to say, that the judgment seems wholly lacking in validity. An affidavit, to give jurisdiction under the Attachment act, must show an absent or absconding debtor. No jurisdiction was acquired by an affidavit showing a debt due from an estate. If a justice has a right to amend proceedings which are based upon an affidavit, he had no right to make the executor a party defendant. It seems that the writ could not have been originally issued against him. *Haight* v. *Bergh,* 3 *Gr.* 183. If it could have issued against him on a proper affidavit, no jurisdiction was acquired over him, without an affidavit, merely because he came before the justice to protest against his jurisdiction.

The remedy of defendant for such errors could have been obtained by a *certiorari* directed to the justice and bringing his judgment before us. Perhaps that remedy may yet be open to him.