### RANDALL BISBEE v. DENNIS BOWDEN.

1. The determination of a justice of the peace on a trial of facts upon a motion to quash a writ of attachment, pursuant to the provisions of section 69 of the Attachment act, is reviewable on *certiorari*.
2. When the facts certified by the justice to have been found by him on such trial show that the affidavit on·which the writ was issued was false, and that it was not made in good faith, it was erroneous not to have allowed the motion to quash, and for such error the judgment in attachment will be reversed.

*Certiorari* removing proceeding and a judgment in attachment before a justice of the peace in favor of Dennis Bowden against Randall Bisbee.

Argued at June Term, 1892, before Justices VAN SYCKEL, MAGIE and GARRISON.

For the prosecutor, *Joshua S. Salmon.*

For the defendant, *Newton S. Kitchell.*

The opinion of the court was delivered by

MAGIE, J.   The affidavit on which this attachment was issued was made by Bowden, and states that Bisbee is indebted to him·in the·sum·of $60, and that " he verily believes that said Bisbee absconds from his creditors and that he is not, to the knowledge and belief of the deponent, a resident in this state at this time."

Bisbee, having filed with the justice an affidavit, made a motion to quash the writ of attachment pursuant to the provisions of section 69 of the Attachment act.  *Rev., p.* 42. The justice, without objection from either side, proceeded to hear evidence produced by each, and then denied the motion to quash.  Judgment was entered in favor of Bowden for the amount of his claim.

In obedience to a rule made in this cause, the justice has certified to us the facts found by him on the trial which took place on the motion to quash.

It is now contended that the justice erred in denying the motion, and that the judgment which followed should be reversed.

Since the cases of *Branson* v. *Shinn*, 1 *Gr.* 250, and *City Bank* v. *Merrit*, *Id.* 131, it has been settled that an affidavit, on which a writ of attachment has issued, will not be deemed conclusive, but that courts will, on the demand of defendant, inquire into the facts and determine whether the writ ought to have issued.

Generally such an inquiry is made under a rule to show cause why the writ should not be quashed and affidavits taken in pursuance of a rule. *Day* v. *Bennett*, 3 *Harr.* 287; *Baldwin* v *Flagg*, 14 *Vroom* 495.

By section 69 of the Attachment act, provision for a similar inquiry and determination in respect to writs of attachment issued by justices of the peace has been made. In lieu of a rule to show cause, the justice is required to try the facts alleged by the defendant's affidavit to render the attachment illegal or void, upon a motion to quash the writ and to give judgment upon the motion. *Morris* v. *Quick*, 16 *Vroom* 308.

The determination of a Circuit Court or Court of Common Pleas, quashing or refusing to quash a writ of attachment, is reviewable in this court by *certiorari*, and the judgment of this court thereon may be taken to the Court of Errors by writ of error. *Walker* v. *Anderson*, 3 *Harr.* 217; *Leonard* v. *Stout*, 7 *Vroom* 370; *S. C.*, *8 Id.* 492.

This court will in like manner review the determination of a justice of the peace under the provision of section 69.

The affidavit on which the writ of attachment was issued presented the facts which, under section 1 of the Attachment act, confer jurisdiction. Although the writ is required to be issued upon the plaintiff's affidavit that he believes that his debtor absconds from his creditors, yet the grounds and fairness of his belief may be examined and the writ may be

quashed, if no reasonable ground existed.  *Branson* v. *Shinn*, *ubi supra.*

In *Walker* v. *Anderson, ubi supra*, Mr. Justice Nevius, in this court, expressed the opinion that if such an affidavit be made by the plaintiff in good faith, the writ should not be quashed, although it was made to appear that the debtor was resident and had not absconded from his creditors.  The facts of that case, however, though meagrely stated, seem to indicate that the debtor against whose property the writ issued, had avoided the service of process and so might be deemed to be an absconding debtor.

In a case arising in the Essex Circuit the doctrine of Mr. Justice Nevius was criticised upon the ground that a debtor ought not to be subjected to the operation of this extraordinary writ, because of the mistake of his creditor, although the mistake was an honest one.  But when the creditor made his affidavit in good faith, and his belief that his debtor was absconding was induced by the conduct of the debtor himself, the court refused to quash the writ, although the debtor was in fact resident and had not absconded.  *Lesage* v. *Schmitt*, 10 *N. J. L. J.* 10.

A similar determination was made in the Camden Circuit. *Stoner* v. *Stites*, 14 *Id.* 25.

The suggestion of Mr. Justice Nevius seems also opposed to the subsequent judgment of this court, in respect to the affidavit of non-residence requisite for the issuing of a writ of foreign attachment.  If in such case it appears that the debtor was in fact a resident, the attachment is set aside, although the affidavit of non-residence was made in good faith.  *Brundred* v. *Del Hoyo, Spenc.* 328; *Clark* v. *Likens*, 2 *Dutcher* 207.

An examination of the facts certified by the justice renders it obvious (1) that Bisbee, at the time the affidavit was made by Bowden, had a residence in this state and was not absconding from his creditors; (2) that nothing in Bisbee's conduct gave the least ground for belief that he was absconding from his creditors, and (3) that Bowden had such knowledge of

the real facts that his affidavit could not have been made in good faith.

The justice ought, therefore, to have set aside or quashed the attachment, and for his error in this respect the judgment before us should be reversed, with costs.