THE STATE, CHARLES F. STAFFORD, PROSECUTOR, v. WILLIAM S. MILLS AND ALEXANDER V. MANNING ET AL.

1. On a *certiorari* to review the determination of a justice of the peace, on a motion to quash an attachment against a non-resident debtor, on the ground that the debtor was a resident, if the justice cannot certify the facts upon which his judgment on the motion was founded, a rule may be granted to take affidavits of the facts upon which the determination of the justice was made, and of the facts before him at that time, which affidavits can be used at the argument of the *certiorari* to review the determination of the justice in the matter.

2. One may be an absconding debtor and yet may have a residence in this state which will prevent an attachment issuing against him as a non-resident debtor. Mere inconvenience in the service of summons, or other process, furnishes no reason why an attachment should issue against one as a non-resident debtor. Temporary absences for business or pleasure is not an abandonment of one's abode or place of residence.

3. The time when the writ of attachment is issued and served is the time as of which the residence of the debtor is material.

--------

On *certiorari.*

Argued at November Term, 1894, before Justices DIXON, MAGIE and LIPPINCOTT.

For the prosecutor, *A. E. Stockwell* and *Linton Satterthwait.*

For the defendants, *Edward W. Evans.*

The opinion of the court was delivered by

LIPPINCOTT, J. This writ brings up for review a judgment of William S. Mills, Esq., a justice of the peace in and for the county of Mercer, on a motion to quash a writ of attachment issued by him in a suit wherein the prosecutor was the defendant and Alexander V. Manning and others were plaintiffs.

The affidavit upon which the writ was issued stated that Stafford was a non-resident of the State of New Jersey. After the attachment was issued, an affidavit by Stafford was filed with the justice that, at the time of the issuing of the attachment, he was a resident of the state, and motion was made on that ground to quash the writ. The motion was heard by the justice and he refused it. The *certiorari* is to review his determination. He has not certified the facts upon which he based his decision; but he certifies that he is not clear as to all the facts found by him on the motion to quash, not having made any written memoranda thereof. According to proper practice a rule was granted by this court to take affidavits of the facts upon which the determination of the justice was made, and of the facts before him at that time, to be used upon the argument of the *certiorari*, and these affidavits are now before us.

After the denial of the motion the justice proceeded to try the cause upon the merits, without any appearance of the defendant as provided by the statute, and gave judgment against him, from which judgment an appeal was taken to the District Court of the city of Trenton, where the appeal was dismissed for want of jurisdiction and the cause remitted to the justice.

It is now clear that if an appeal from the determination of a justice be improperly taken, the party aggrieved may still have his remedy by *certiorari* after dismissal of the appeal, if the appeal be dismissed for want of jurisdiction. *Leeds* v. *Mueller*, 22 *Vroom* 467.

And in a case where an appeal is taken, a dismissal of it does not deprive the prosecutor of his remedy by *certiorari* when that remedy exists. *Wheeler & Wilson Manufacturing Co.* v. *Carty*, 24 *Vroom* 236.

The determination of the trial of fact by a justice, upon a motion to quash a writ of attachment, pursuant to section 69 of the Attachment act, is reviewable on *certiorari*. The practice is clearly laid down by Mr. Justice Magie in *Bisbee* v. *Bowden*, 26 *Vroom* 69.

The testimony taken on the rule in this cause shows clearly that the prosecutor was a resident of the city of Trenton at the time the attachment was issued, and had been such resident for over two years previous. He had been keeping house in the city of Trenton, on Montgomery place and Lamberton street. He had voted at the previous election in the city of Trenton and at other elections before that one. About the time this attachment was issued he failed in, or gave up, his business of keeping a billiard-saloon in the city of Trenton, broke up housekeeping in Lamberton street and went to his brother's house, at 128 Centre street, in Trenton, to live with him there, aiding and assisting his brother in his business, and he has continued to live there ever since. These facts are practically undisputed. Much evidence has been taken, not pertinent at all to the question involved in this case, but with perhaps much more pertinency if the attachment had been issued against him as an absconding debtor. In fact, the evidence was taken as well to apply to two such cases now under advisement in this court.

When an attachment is issued against one alleged to be a non-resident debtor, the fact of non-residence must be established or the attachment will be set aside. One may be an absconding debtor, and yet may have a residence in the state

which will prevent an attachment issuing against him as a non-resident debtor. Mere inconvenience in the service of summons or other process furnishes no reason why an attachment should issue against one as a non-resident debtor. Temporary absences for business or pleasure is not an abandonment of one's abode or place of residence.

The rule is that an attachment will not lie against the debtor as a non-resident, where he is actually a resident of the state, although the affidavit be made in good faith. *Clark* ads. *Likens,* 2 *Dutcher* 207 ; *Bisbee* v. *Bowden,* 26 *Vroom* 69, and cases cited.

It was alleged in the evidence, and with much show of truth, that he was preparing to send his goods from his house to Philadelphia. He had taken steps in that direction which quite clearly indicated that purpose, but it did·not appear that he intended to change his residence, and even if this were so it would give no right of attachment against him as a non-resident debtor. *Kugler* v. *Shreve,* 4 *Dutcher* 129, 133, 134.

It was proved that his wife lived in Philadelphia and kept a boarding-house there, as her own business, and that he visited her there often, and she often visited him at his house in Trenton. The fact of the wife's residence in Philadelphia could not affect the character of his residence elsewhere. *Baldwin* v. *Flagg,* 14 *Vroom* 495.

If, at the time of the issuing this writ of attachment, he had the intention of removing and changing his residence to another state, that fact would not be sufficient to sustain the writ. *Kugler* v. *Shreve,* 4 *Dutcher* 129.

The time when the writ was issued and served is the time as of which the residence of the debtor is material. *Baldwin* v. *Flagg, supra.*

His residence being clearly within this state, it continued until a new one was gained elsewhere. *Bonnel* v. *Dunn,* 4 *Dutcher* 153.

At the time of the issuing and service of this writ of attachment, the defendant, Stafford, was a resident of this state, and therefore the writ must be quashed, with costs, against

the defendants Alexander V. Manning, Joseph M. Manning and John W. Manning, including the one-third of the costs of taking and printing the testimony.