### FRANK M. WITBECK
*v.*
### THE MARSHALL-WELLS HARDWARE COMPANY.

*Opinion filed December 20, 1900.*

1. ATTACHMENT—*residence involves the idea of habitation or place of abode.* A defendant in attachment is a non-resident who, at the time the writ was issued, had no local habitation or place of abode within the State, but was actually residing without the State permanently, or at least for an indefinite period.

2. SAME—*issue of non-residence refers to time writ was issued.* In an action of debt, begun some three months before the suing out of an attachment in aid, an issue as to the fact of the defendant's non-residence refers to the time the attachment writ was issued, and not to the time of suing out of summons in the action of debt.

3. INSTRUCTIONS—*an instruction need not negative defenses not made.* An instruction in an action of debt upon a judgment, which states the amount of the verdict, if for the plaintiff, to be the sum named in the judgment, is not objectionable because there was no evidence that there were no credits to be deducted, since the existence of credits, if any, would be a matter of defense.

4. ACTIONS AND DEFENSES—*amount of foreign judgment cannot be questioned in suit thereon.* In a suit on a foreign judgment, objections that the judgment was too large and was prematurely rendered cannot be considered, since such questions can only be raised in a direct proceeding in the courts of the State where the judgment was rendered.

*Witbeck* v. *Marshall-Wells Hardware Co.* 88 Ill. App. 101, affirmed.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

N. M. JONES, for plaintiff in error.

FLOWER, VROMAN & MUSGRAVE, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was an action in debt on a foreign judgment, with attachment in aid, alleging non-residence of the defendant, brought by the defendant in error, against the plaintiff in error, in the circuit court of Cook county. There was no personal service of the summons or of the writ of attachment on the defendant below, but constructive service of the attachment was had by the publication and mailing of notice, and the writ was served on the garnishee and levied on personal property. The summons was returned "not found," and before the return day of the attachment the plaintiff filed its declaration, and the defendant appeared and filed his plea in abatement to the attachment, denying his alleged non-residence, and alleging that he was, at the time it was sued out, a resident of the State of Illinois. Upon a trial the jury found the issues for the plaintiff and the amount of the debt to be $47,811.29, and assessed the damages at the same sum. Motions for a new trial and in arrest of judgment were overruled and judgment rendered on the verdict, to be discharged upon the payment of the damages, interest and costs. The Appellate Court affirmed the judgment, and the defendant below then sued out this writ of error.

If we understand correctly the contentions of plaintiff in error they relate principally to questions of fact, which

we have no power to review. Counsel says that the main question before this court is whether the defendant was or was not a resident of the State of Illinois at the time the suit was begun; and this is undoubtedly true,—that is, meaning when the attachment was begun. That, however, is a question of fact which was submitted to the jury, and on the motion for a new trial to the trial judge, and on appeal to the Appellate Court. The finding of the latter court is conclusive, and we can review only such errors of law, if any, as may have rendered the finding below erroneous.

There is some criticism on the instructions given for the plaintiff. These were five in number, and the substance of the first four was embodied in the fourth, which was as follows:

"That residence necessarily involves the idea of a local habitation or place of abode, and if the jury believe at the time of the issuance of the attachment writ, June 17, 1898, the defendant had no local habitation or place of abode within the State of Illinois, and that he was actually residing without said State permanently,— at least for an indefinite time,—they should find the issues upon the attachment in favor of the plaintiff."

There was sufficient evidence upon which to base these instructions, and we find no error in them.

The fifth instruction was as follows:

"If the jury find the issues upon the attachment issue in favor of plaintiff their verdict will be as follows: 'We, the jury, find the issues for the plaintiff, and find the amount of the debt to be $47,811.29, and we assess plaintiff's damages at the sum of $47,811.29.' And if the jury find the issues on the attachment issue in favor of defendant their verdict will be as follows: 'We, the jury, find the issues for the defendant.'"

The only objection to this instruction made by plaintiff in error is, that although the amount stated was the amount of the foreign judgment sued on, a transcript of

which, properly certified under the act of Congress, was given in evidence, there was no evidence that no payments had been made or that there were no credits which should have been deducted. If any payments had been made or there were credits to which plaintiff in error was entitled, that was matter of defense. The instruction was not subject to the objection made.

Complaint is also made that the court refused to instruct the jury, at the request of the defendant, that if they believed, from the evidence, the defendant was, at the time of the beginning of the suit, a resident of Illinois, they should find the issue in the attachment for him. The instruction was properly refused, for the reason that the suit in debt was commenced nearly three months before the filing of the affidavit and bond and the issuing of the writ of attachment. The issue upon the alleged non-residence of the defendant referred to the time of the suing out of the attachment, as the court properly instructed the jury, and not to the suing out of the summons in the action of debt.

Various questions are presented by counsel which have reference to alleged errors in the record of the foreign judgment sued on, such as, that that judgment was prematurely rendered,—that is, that the debt was not due,—and that the judgment was too large. It is elementary that questions of this character cannot be considered in a suit on the judgment, but only by a direct proceeding to reverse such judgment in the courts of the State where it was rendered.

Finding that none of the alleged errors are well assigned, the judgment will be affirmed.

*Judgment affirmed.*