## Roland R. Stafford and Edward C. Broehl, trading as Stafford & Broehl, Appellees, v. W. V. Wills, Appellant.

1.  Brokers, § 75*—*when defense to action for compensation is sufficiently pleaded.*  An affidavit of merits in an action to recover commissions for the sale of farm lands set up a good defense, which alleged that defendant had never agreed to pay any commissions for any land; that the purchaser was not procured by plaintiffs but that the lands were sold by others having no connection with plaintiffs, and that the latter were not the procuring cause of the sale.

2.  Judgment, § 161*—*when default will be set aside.*  Bearing in mind the rule that after a default has been actually taken the judgment will not be lightly set aside because of the negligence of the attorney for the defaulted party, the refusal to extend the time to file an affidavit of merits which presented a good defense was an abuse of discretion where, although the attorneys for defendant were negligent in not asking for the extension when they filed a plea of the general issue, they did so before the entry of default.

3.  Attachment, § 12*—*what constitutes nonresidence.*  A defendant was a nonresident within the meaning of the Attachment Act, where immediately after his marriage he and his family went to Missouri and the children attended school there, and where 2 years thereafter he removed to Florida and rented a house and where he still resided when the attachment in question was brought, and where he had no home in this State and had not lived in it as a resident since his marriage, but where defendant was a stockholder in an Illinois corporation and a partner in a firm located there and where his father's residence, in this State, contained a room which defendant occupied when here.

Appeal from the Circuit Court of Logan county; the Hon. T. M. Harris, Judge, presiding.  Heard in this court at the April term, 1920.  Reversed and remanded with directions.  Opinion filed October 27, 1920.

A. D. Cadwallader and William and Barry Mumford, for appellant; Guy A. Thompson, of counsel.

Alonzo Hoff and Harold F. Trapp, for appellees.

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

Stafford et al. v. Wills, 220 Ill. App. 22.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

Appellees · brought an action in assumpsit against appellant to recover commissions for services performed in connection with the sale of certain farm lands located in Pike county, Illinois. An attachment in aid was sued out at the same time and the writ was levied upon certain real estate of appellant. Appellant traversed the allegations in the affidavit for attachment and filed a plea of the general issue to the declaration in assumpsit. The cause was submitted to the court for trial and judgment was rendered in favor of appellees as by default for $30,400 and the attachment was sustained. The declaration consisted of the common counts only. To the declaration was attached a bill of particulars and an affidavit of amount due by which it is shown that the demand of appellees is based upon services performed in procuring the sale of 608.84 acres of land to Jacob Lauer at $50 per acre, making the total amount of the claim $30,400.

On March 15, 1920, before the trial of the cause was commenced, appellees made a motion for a judgment as by default because appellant had failed to file an affidavit of merits with his plea. Thereupon appellant made a cross motion for leave to file an affidavit of merits instanter and filed an affidavit of his counsel in support of said cross motion. The cross motion was overruled. Appellant thereupon made a motion to set aside the order overruling his cross motion and for leave to file additional affidavits instanter in support of said cross motion. The court granted leave to file additional affidavits which were filed, but the court again refused to grant appellant's cross motion for leave to file his affidavits of merits. On March 16, 1920, the court sustained the motion of appellees for judgment as by default on the ground of the failure of appellant to file an affidavit of merits and proceeded to hear testimony on the question of damages with the

result that the judgment heretofore mentioned was rendered.

The affidavit of merits which appellant offered to file instanter states that appellees never, at any time, performed any work or services for the defendant at his request in connection with the sale of farm lands located in Pike county or elsewhere; that no lands located in Pike county were at any time sold to the Jacob Lauer named in the bill of particulars by appellees or either of them for the sum of $200 per acre or any other sum at the request of appellant; that appellant never, at any time, either verbally or in writing, agreed to pay to appellees a commission for procuring a purchaser for any lands an amount of all above or in excess of $150 per acre or any other sum; that the said Lauer was not procured by the plaintiffs or either of them to buy said lands at any price; that said lands were sold by persons other than appellees who had no connection with the latter in any form or manner and appellees were not the procuring cause of said sale. This affidavit of merits stated a good defense to the suit. *Harrison v. Rosehill Cemetery Co.,* 291 Ill. 416. The court refused appellant the right to file the affidavit of merits not because a good defense was not set out therein, but on the ground that appellant had not shown *good cause* why the affidavit had not been previously filed. The cause for the delay, as shown in the original affidavit of appellant's counsel in support of his cross motion, was that it had been counsel's intention to file an affidavit of merits as provided by the statute, but owing to the pressure of business it had been everlooked. When leave was granted to appellant to file additional affidavits in support of his cross motion, he presented another affidavit by one of his counsel, which is as follows:

"William Mumford being first duly sworn, on his oath says: That William and Barry Mumford, of Pittsfield, Illinois, and A. D. Cadwallader, of Lincoln,

Illinois, are and have at all times since the filing of the declaration herein been the only attorneys for the defendant in the above entitled cause; that the plea of the defendant was prepared by William and Barry Mumford, at Pittsfield, Illinois, and was by them sent to the said A. D. Cadwallader at Lincoln, Illinois, and was filed in this cause by said Cadwallader; that at the time and before and since said plea was prepared and filed the said defendant was much of the time casually absent from the State of Illinois on business.

"That at and before and for a long time after the making and filing of said plea the said attorneys for the defendant had not had the opportunity to fully inform themselves as to the specific facts in and constituting said defense, but had only the general information necessary to enable them 'to prepare the plea; that at and for several weeks after said dates the attorneys for the defendant had not had the opportunity to inspect and examine the documentary evidence in this case, the same being in the personal possession of the defendant, which documentary evidence was and is essential to enable the preparation of an affidavit under the terms and requirements of the statute above recited; that at this time said attorneys have had an opportunity and have made particular examination and inquiry into the facts of the case and have made particular examination of the said documentary evidence; that defendant himself and his attorneys are all now sufficiently advised of the facts in the case to enable them to say on oath that the defendant has a good defense to the whole of the claim of the plaintiffs and to specify the nature of such defense in compliance with said Statute.

"Wherefore, the defendant prays for leave to file an affidavit in support of his plea in compliance with section 55 of the statute as now amended."

The rule is universal that after a default has been actually taken and a judgment thereby has been rendered in favor of a party litigant, the judgment will not be set aside because the default was brought about through the negligence of the attorney for the de-

faulted party. *Hartford Life & Annuity Ins. Co. v. Rossiter*, 196 Ill. 277; *Staunton Coal Co. v. Menk*, 197 Ill. 369; *Cramer v. Commercial Men's Ass'n*, 260 Ill. 516. Judgments will not be lightly disturbed and will only be opened up or set aside under few and restricted conditions. A judgment imports solemnity and stability. On the other hand, it is the policy of the law, and of the courts in administering it, to give parties to a suit every reasonable opportunity to present their cause of action or defense so that the controversy may be heard upon its merits. Upon this principle our statute of amendments has received most liberal construction and, as a general proposition, a party may be permitted to amend any pleading almost at any time before final judgment. The plea of general issue in this case has been filed in apt time. Counsel for appellant had overlooked the fact that an affidavit of amount due was attached to the declaration and had not, at the time the plea was filed, sufficient information from their client, who was much of the time out of the State, to properly draft an affidavit of merits. However, before any default was actually taken for the want of an affidavit of merits, a cross motion was made for leave to file one. No harm could possibly have resulted to the appellees by the allowance of this motion. No delay in the trial of the case was asked for by appellant and he offered to file the affidavit instanter. While the statute provides that the court may, *upon good cause shown,* extend the time for filing an affidavit of merits, these words should not receive a strict construction, and, while a trial court should decline to grant a motion for an extension of time to file an affidavit of merits if it appears that the motion is not made in good faith (*Bradley v. Progressive Metal & Refining Co.*, 205 Ill. App. 552), yet where such a motion is made before any trial is entered upon and before any default has been taken for the want of such an affidavit and the affidavit pre-

sents a good defense to the cause of action and is offered to be filed instanter in good faith, in our opinion, in the interests of justice, the same should be allowed. In the present case, while counsel for appellant were undoubtedly negligent in not asking for an extension of time in which to file an affidavit of merits at the time they filed the plea, yet they did ask for this extension before any default for want of such an affidavit was entered and before any possible harm or disadvantage to appellees by reason thereof had taken place. We think the trial court, in the proper exercise of its discretion under the circumstances shown, should have granted the cross motion of appellant for leave to file the affidavit of merits.

Appellant made a motion for a rule on appellees to file a sufficient attachment bond. The trial court, after a full hearing upon this question, found the bond to be sufficient and overruled the motion. The evidence disclosed that, at the time of the hearing of the motion, the sureties on the attachment bond were amply qualified.

Three grounds for an attachment are set out in the affidavit therefor as follows: (1) That appellant is not a resident of this State, but is a resident of the State of Florida; (2) that he is about to remove his property from this State to the injury of appellees; (3) that he is about fraudulently to conceal, assign or otherwise dispose of his property or effects so as to hinder or delay his creditors. In 1916, appellant married a widow who had three children, and, immediately after his marriage, he and his family went to St. Louis, Missouri, where they lived in an apartment and the children attended school in that city. In October, 1918, he and his family removed to West Palm Beach, Florida, rented a house there and they still reside there. He owns no home in Illinois and has not lived in this State as a resident thereof since his marriage. His contention is, however, that, because

he is a stockholder in an Illinois corporation and also a partner in a firm located in this State and that his father's residence, in which there is a room which he always occupies when there, is in this State, that he is still a resident of the State of Illinois. He testified that he intended to live in Florida until the work with which he was occupied was finished, which would be at some indefinite time in the future. A person is a nonresident within the meaning of the Attachment Act who, at the time the writ was issued, had no local habitation or place of abode within this State, but was actually residing without the State permanently, or at least for an indefinite period. *Witbeck v. Marshall-Wells Hardware Co.*, 188 Ill. 154. This construction of the act is well stated in the case of *Jenks v. Rounds*, 87 Ill. App. 284: "Absence from the State and having a fixed abode in another place, with the intention to remain permanently, at least for a time, for business or other purposes, will constitute nonresidence, even if there be an intention to return at the expiration of the time of residence in the foreign State." One good cause for attachment is sufficient, and it is unnecessary to mention the evidence introduced to sustain the second and third grounds. The court did not err in finding the issues in the attachment proceeding in favor of appellees.

What has been said disposes of the other questions raised. For the reason that the court erred in refusing to grant the appellant leave to file his affidavit of merits and for entering judgment against appellant as by default, the judgment is reversed and the cause remanded, with directions to grant appellant's cross motion for leave to file the affidavit of merits in support of his plea.

*Reversed and remanded with directions.*