JAMES J. O'HORA, as Guardian ad Litem of JOHN O'HORA, Plaintiff, v. ELIZABETH TARBY, Defendant.

County Court, Cayuga County, September 18, 1931.

J. Irving Lynch, for the plaintiff.

Anthony J. Contiguglia, for the defendant.

MOSHER, J. The attachment was allowed on the affidavit of the father guardian ad litem that on August 19, 1931, an automobile bearing a Maine license, owned and operated by the defendant, negligently collided with the infant herein and that the defendant

and her car were licensed by the State of Maine and that it bears a Maine license plate and that the defendant had said she intends to return to Maine shortly.

The defendant filed an answering affidavit that she is unmarried and that she and her parents have resided and made their domicile at 42 Arlington avenue, Auburn, N. Y., for ten years last past and that she never stated she was a resident of Maine, or any other State, except New York, or that she intended to return to Maine; that on or about April 28, 1931, she went to Ellsworth, Me., for a vacation and there purchased said automobile, and there obtained a certificate of registration which reads, " Said motor vehicle is owned by Betty Tarby, 42 Arlington ave., N. Y. RFD 2 Ellsworth," and operator's license which reads " said person's name and address is Betty Tarby, 42 Arlington ave, Auburn, N. Y. Maine; " that on or about June 1, 1931, she returned to Auburn, N. Y., from her vacation and has resided and lived at Auburn, and at all times mentioned has been employed by the Fenwick Beauty Parlor in Auburn, N. Y.; that said attachment was issued August 28, 1931, and executed by the sheriff of Cayuga county taking possession of said automobile, and on August 29, 1931, defendant was served with the summons and complaint herein.

The affidavit of the sheriff states that after serving the attachment papers, defendant stated: " I travel around from one place to another and if I find a job I stay a month or so and then go on to some other place. I was in Maine last May. I got a job there and bought this Ford roadster while in the State of Maine," and that she did not have permission to take it out of the State; and the father states he talked with defendant August 22, 1931, at her father's home, 42 Arlington avenue, Auburn, N. Y., and she said, " I am going back to Maine. I may be here a day, or, maybe, a week, or, maybe, a month, or, maybe, all winter; I don't know when I'll go," and it appears that the Auburn poll list for 1930 does not contain defendant's name.

The material question is the place of defendant's residence at the time of granting the warrant, which means her actual place of abode or living, either of a temporary or permanent character, at which a service of process might be lawfully made. If the ordinary process of law could be served on her by her being actually within its reach in this State, then, notwithstanding her legal residence or domicile may have been in another State, she is not liable to this extraordinary proceeding. By reason of the severity of the remedy of attachment and of the fact that it is in derogation of common law, the burden of proving defendant's non-residence as a ground for the issuing of the writ rests upon the plaintiff. (*Irwin* v. *Ray-*

mond, 58 Misc. 319, 320; *Matter of Gahn*, 110 id. 96; *Rosenzweig* v. *Wood*, 30 id. 297; *Board of Education* v. *Crill*, 73 id. 472; *Matter of Newcomb*, 192 N. Y. 238.) The essential charge is that she is not residing or living in the State, that is, that she has had no abode or home within it where process may be served so as effectually to reach her. In other words, her property is attachable if her residence is not such as to subject her personally to the jurisdiction of the court and place her upon equality with other residents in this respect. (*Hanover National Bank* v. *Stebbins*, 69 Hun, 308.) The right of attachment against property should be strictly construed in favor of the defendant. (*Rosenzweig* v. *Wood, supra.*) The certificate of registration, made *ante litem motam*, and her affidavit and declaration may be considered (*Ryall* v. *Kennedy*, 67 N. Y. 379; *Matter of Newcomb, supra; Matter of Martin*, 94 Misc. 81), and residence once established is presumed to continue and the burden is on those asserting a change. (*Matter of Martin, supra.*) It appears that continuously since June 1, 1931, this defendant has maintained both domicile and residence in Auburn N. Y., and has been personally served with summons there.

The motion should be granted, with ten dollars costs to abide the event.