GROUPEMENT FINANCIER LIEGOIS, Plaintiff, *v.* RULOFF E. CUTTEN and Others, Defendants.

(Eight other actions by different plaintiffs against same defendants.)

Supreme Court, Special Term, New York County, February 14, 1942.

*Levien, Singer & Neuburger* [*Ralph B. Neuburger* and *John J. Corwin* of counsel], for the plaintiff Poswick and others.

*Battle, Levy, Fowler &. Neaman* [*George Gordon Battle, Ludlow S. Fowler* and *Adele I. Springer* of counsel], for the plaintiffs Heinricht and others.

*Tompkins, Boal & Tompkins* [*Francis J. Fitzpatrick* of counsel], for the defendants Spurge and others.

EDER, J.   Each of the plaintiffs moves through counsel to stay the trial of this action, it being the position of the moving parties that each plaintiff is a non-resident alien enemy and comes within the purview of subdivision (b) of section 7 of the Trading with the Enemy Act of 1917 (U. S. Code, tit. 50, Appendix, § 7, subd. [b]), and which, so far as here material, reads as follows: " Nothing in this Act shall be deemed to authorize the prosecution of any suit or action at law or in equity in any court within the United States by an enemy or ally of enemy prior to the end of the war   *   *   *."

Enemy is defined in section 2 of the act, and so far as here pertinent, reads: " The word ' enemy ' as used herein, shall be deemed to mean for the purposes of such trading and of this Act — (a) Any individual, partnership, or other body of individuals, of any nationality, resident within the territory (including that occupied by the military and naval forces) of any nation with which the United States is at war   *   *   *."

I had occasion to discuss this statute in *Kaufman* v. *Eisenberg* (177 Misc. 939) in a case involving a resident alien.

It is alleged in the moving papers that each of the plaintiffs is a non-resident, domiciled and resident in the Kingdom of Belgium, except Marchal, a resident of occupied France, and that said nations are occupied by the military forces of Germany.   There are nine actions all brought by different plaintiffs against the same

defendants, apparently on the same theories of action arising out of substantially the same state of facts, to recover damages for conversion and fraud from the unauthorized sale of securities.

The opposition raises the contentions that the Trading with the Enemy Act does not forbid the prosecution of an action in tort; that there is no authority for a non-resident alien enemy *plaintiff* applying for a stay, that it is matter available by way of defense; that there is no proof that the plaintiffs resided in enemy territory on or since the declaration of war.

In the instant case there is the allegation of the residence of each plaintiff in Belgium, except Marchal, of occupied France, from the time of the commencement of the action, and prior thereto, and the presumption of continuance controls until the contrary is established, and the burden of proof is on the one asserting the change and seeking to rebut the presumption. (*O'Hora* v. *Tarby*, 141 Misc. 402; *Smith* v. *R. B. I. Bldg. Corp.*, 126 id. 826; *McQuirk* v. *Dean*, 123 id. 612; *Southern Tier Masonic Relief Assn.* v. *Laudenback*, 5 N. Y. Supp. 901; *Du Pont De Nemours & Co.* v. *Byrnes*, 101 F. [2d] 14. See 28 C. J. S. pp. 31, 32, 34, 35, and cases there collated.) No such proof has been adduced in opposition.

As to the actions, though they may proceed on the theory of tort, I am of the opinion that it is of no particular consequence, firstly because, as to a non-resident alien enemy, subdivision (b) of section 7 is applicable to any suit, and, secondly, because the suit stems from a commercial transaction, the theory of the suit being but an incident of the fundamental character of the transaction.

I am of the opinion that a non-resident alien enemy may apply for a stay under subdivision (b) of section 7, there being no prohibition in that regard; it is nowhere provided that such an application is limited to a *defendant* nor any intimation inhibiting the non-resident alien enemy *plaintiff* from making such an application. In *Rothbarth* v. *Herzfeld* (179 App. Div. 865; affd., 223 N. Y. 578) the court said (p. 867): " It is inconceivable that our courts would permit a German subject, resident in Germany, to prosecute an action in our courts during the war." It is, therefore, immaterial how the information reaches the ear of the court that plaintiff is a non-resident alien enemy. As further said in the *Rothbarth* case (p. 868): " It is entirely competent for the court to act summarily in such a case and suspend the further prosecution of an action upon its being established to its satisfaction by affidavit *or otherwise* that the action is being prosecuted by an alien enemy." (Italics mine.) The fact of statutory debarment being shown, prosecution is estopped and the court must act accordingly. Motion granted in all cases, viz., Nos. 57, 58, 59, 60, 61, 62, 63, 64 and 65. Settle order.