## FINK v. KATZ.

### No. 851.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 21, 1949.

Decided Oct. 17, 1949.

Louis H. Cohen, Washington, D. C., for appellant.

Mark P. Friedlander, Washington, D. C, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The basic question on this appeal is whether the trial court improperly quashed an attachment before judgment which had issued on the ground of the non-residence of defendant.

Plaintiff below, Leon Fink, filed an action in which he claimed rent for the month of June, 1949 and also for damages to his property caused by defendant in breach of his lease agreement. Along with his suit, plaintiff filed an affidavit alleging that defendant was a non-resident of the District of Columbia. He also filed a bond with approved surety as required by law. Under Code 1940, 16—301, a writ of attachment was issued and defendant's bank account seized. Defendant moved to quash the attachment, supporting his motion by affidavit, and plaintiff filed a controverting affidavit. Based on such affidavits and on verbal testimony, the trial judge entered an order quashing the attachment. Plaintiff appeals from that order.

Leading up to this litigation was the following situation: Defendant had been a tenant in an apartment of plaintiff and had been served with a thirty-day notice, demanding that he quit the apartment on June 1. Plaintiff followed this notice with a possessory action in the landlord-tenant court, returnable on June 16. The day before the return day, defendant vacated the apartment and, according to his own testimony, "moved his household furniture and family to his new accommodations in the State of Maryland." The trial court found that in order to find a place suitable to his needs, defendant was forced to rent a place "out of the District of Columbia in the State of Maryland" and proceeded to rule that defendant was not at the time of the attachment a non-resident of this jurisdiction.

We must hold that the ruling was erroneous because defendant's own testimony established that he was a non-resident within the purview of the attachment statute. One of the grounds on which an attachment before judgment is authorized by the cited Code provision is that "the defendant * * * is not a resident of the District

* * *." Clearly, this language prescribes residence as distinguished from domicile as the controlling factor. Once before we had occasion to construe this Code section. D'Elia & Marks Co. v. Lyon, D.C.Mun. App., 31 A.2d 647, 648. In that case we held that the word "non-resident" as used in the statute is to be taken in its ordinary and usual signification. "Residence is the test," we said, "and the fact that defendant had an established office in the District and presumably was available for personal service is not material. A man's residence is where he actually dwells, and ordinarily, but not necessarily, is his home, the place where his wife and children reside. This residence must be a fixed and permanent abode or dwelling place for the time being and not a mere 'temporary locality of existence.' It does not have to be permanent in the strict sense of the word * * *; but it must be more than a place of mere sojourning or transient visiting. In determining residence, we are to be guided by the ordinary and obvious indicia of such; and the question here is defendant's residence at the time of issuing and serving the writ."[1]

True, defendant denied that he was a resident of Maryland; but such denial constituted nothing more than a legal conclusion. It is also true that he testified that he had only a monthly tenancy in his Maryland home; that he did not intend to remain there but planned to move back into the District of Columbia as soon as he could find accommodations here; that he had never voted in Maryland, and that his place of business was in this jurisdiction. These expressions of intent would be persuasive if the issue before us were one of domicile. But they are of no help to defendant on the simple question of actual residence or, more accurately, non-residence. As we view the matter, our statute gives him no leeway. Obviously, he could not simultaneously be a resident of both jurisdictions. He had given up his home in this jurisdiction and by his own admission had moved his family and belongings into Maryland. Therefore, he became subject to our attachment statute. We do not overlook the fact that defendant had resided in Maryland only a few days when the attachment was made, and we recognize that the element of time may sometimes become important in testing whether a defendant has established a residence outside the District or is merely sojourning there temporarily.[2] It may also be that there is some hardship on defendant, because of the fact that dearth of local housing forced him to move out of the jurisdiction. But on the basis of the clear showing in this case, we think there is no escaping the fact that regardless of the seeming hardship, and whatever defendant's ultimate intention as to domicile, he had actually become a non-resident within the meaning of the attachment statute under consideration.

We think we should briefly discuss another matter which seems certain to arise when the case is tried on the merits. In his memorandum ordering the attachment quashed, the trial judge ruled "that the plaintiff had no cause of action for the rent for the month of June, 1949." We think this was an erroneous ruling, which should not have been made on the pleadings, without going into the merits of the case. The evidence may develop that because the tenancy was terminated at landlord's instance, he may not be entitled to rent for all of June—beyond June 15th, when tenant vacated. But he would seem to be entitled, if he establishes his claim, to compensation for the use and occupancy of the apartment during the half month

---

1. Citing: Robinson v. Morrison, 2 App. D.C. 105; Barney v. Oelrichs, 138 U.S. 529, 11 S.Ct. 414, 34 L.Ed. 1037; District of Columbia v. Murphy, 314 U.S. 441, 62 S.Ct. 303, 86 L.Ed. 329; Howard v. Citizens' Bank & Trust Co., 12 App. D.C. 222; Raymond v. Leishman, 243 Pa. 64, 89 A. 791, L.R.A.1915A, 400, Ann.Cas.1915C, 780; Witbeck v. Marshall-Wells Hardware Co., 188 Ill. 154, 58 N.E. 929; Stafford v. Mills, 57 N.J.L. 570, 31 A. 1023.

2. Compare Robinson v. Morrison, 2 App. D.C. 105; Barney v. Oelrichs, 138 U.S. 529, 11 S.Ct. 414, 34 L.Ed. 1037.

that defendant was actually in possession.[3] This would not be "apportioning" the rent for part of June unless it were shown that plaintiff had wrongfully evicted the tenant.[4] Such question could not properly be decided on the basis of the pleadings alone.

We note also that one argument advanced below for the dissolution of the attachment was that this was an action charging waste, that it was therefore in tort, and hence not the subject of an attachment before judgment. The record does not show what if any ruling was made on this subject. We note, however, that plaintiff did not pitch his case in tort as he might perhaps have done.[5] He sued specifically "for breach of lease agreement to deliver said premises in the same order in which it was received," and charged that defendant had damaged the premises "in breach of said agreement" and "contrary to the terms of said lease agreement." These allegations brought his claim within the provisions of the attachment statute, for it was "for the recovery of * * * a debt, or damages for the breach of a contract * * *." Code 1940, 16—301.

Reversed with instructions to reinstate the attachment before judgment and deny the motion to quash.

3. See Code 1940, 45—923.
4. See Okie v. Person, 23 App.D.C. 170.

5. Code 1940, 45—1301, 1302, 1303.