# WIELAR *v.* GARNER.

## ATTACHMENTS ; AFFIDAVITS.

1. An affidavit in support of an attachment is sufficient which states the ultimate fact substantially in its terms, without stating in connection therewith the probative facts which may be necessary to be shown in case of traverse ; and the same rule applies to the allegation of the intent with which the act may have been done ; *construing* R. S. D. C. Sec. 782.
2. Where an attachment is based upon the ground that the defendant has removed and secreted his property, with intent to defraud his creditors, it is not necessary for the affidavit supporting the attachment to state the quantity of goods removed or the places of concealment.
3. It is not necessary for the affidavit of the witness required by Sec. 782, R. S. D. C., to state in terms that affiant has personal knowledge of the truth of the facts he alleges, where his statement is so direct and positive as to imply personal knowledge.

No. 309.   Submitted October 2, 1894.   Decided November 6, 1894.

HEARING on an appeal by the plaintiff from an order quashing a writ of attachment in an action of *assumpsit. Reversed.*

The FACTS are sufficiently stated in the opinion.

*Mr. Henry Wise Garnett* and *Mr. Henry P. Blair* for the appellants.

*Mr. Clarence A. Brandenburg,* for the appellee, cited :

*Delaplain* v. *Armstrong,* 21 W. Va. 211; Kneeland on Attach., Sec. 436; Drake on Attach., Sec. 100, 93 ; *Meyers* v. *Whiteheart,* 24 S. C. 200 ; *Bank* v. *Loncheim,* 55 Hun. 396 ; *Richter* v. *Wise,* 9 S. C. N. Y. 70 ; *Zaregal* v. *Benoit,* 33 How. Pr. 134 ; *Newman* v. *Hexter,* MacA. & M. 93 ; *Boulter* v. *Behrend,* 20 D. C. 568 ; Kneeland on Attach., Secs. 437, 443 ; 1 Wade on Attach., Sec. 68 ; *Hoover* v. *Hathaway,* 20 D. C. 591 ; *Ex parte Robinson,* 21 Wend. 672 ; *Stein* v. *Levy,* 62 N. Y. S. C., 55 Hun. 381 ; *Ridgway* v. *Smith,* 17 Ill. 34

*White* v. *Wilson*, 10 Ill. 23 ; *Montague* v. *Gaddis*, 37 Miss. 456.

Mr. Justice SHEPARD delivered the opinion of the Court:

The plaintiffs, Joseph Wielar and Pincus Chock, copartners trading as Wielar & Chock, in an action of *assumpsit*, have appealed from an order quashing their writ of attachment therein because of the insufficiency of the affidavits upon which it had been sued out. In this District the writ of attachment is issued by the clerk of the court "without any authority or warrant from any judge or justice," whenever, either at the commencement, or during the pendency of the suit, the plaintiff shall file affidavits alleging certain facts, accompanied by an undertaking in a sufficient amount to indemnify defendant for any damages that he may sustain, and so forth. R. S. D. C., Sec. 782. The duty of the clerk is ministerial. He makes no inquiry into the truth or falsity of any facts stated in the affidavits. If they conform generally to the statute and the undertaking is offered, with satisfactory surety, he issues the writ at once.

If these affidavits do not conform in all material particulars to the statute upon which they are founded, the court may, upon motion, quash the attachment issued thereon, as was done in this case. If, however, they are regular in form and substance, but the facts stated therein are not true, the defendant, by filing an affidavit traversing their truth, in whole or in part, may have the attachment quashed upon a trial had before the judge at chambers, upon three day's notice to his adversary. R. S. D. C., Sec. 783. This trial may be had upon written testimony or upon oral evidence, if demanded by either party. *Robinson* v. *Morrison*, 2 App. D. C. 105.

The affidavit of the plaintiff* sets out the grounds of his

---

*Plaintiff's affidavit.*—District of Columbia, *ss :* I, Joseph Wielar, being first duly sworn, do on oath depose and say that I am a member of the firm of Joseph Wielar and Pincus Chock, copartners trading as Wielar and Chock ; that the said copartners as

action, and states the justice of his demand with all the precision required under the rule laid down by this court in the recent case of *Matthai* v. *Conway*, 2 App. D. C. 45, and no objection is here urged to it on that ground.

The objection is taken to the manner and form in which the ground for the attachment is stated. The statement is, " that defendant has secreted a large quantity of his goods and merchandise by removing the same from his store place and storing the same in unusual and secret places with intent to hinder, delay and defraud his creditors." This is substantially one of the grounds of attachment stated in the statute.

The contention of appellee, William Garner, which was sustained below, is, that it is not sufficient to state the ground of the attachment in the language of the statute; but that the affidavit must set out all the facts from which the existence of the main fact or conclusion as stated in the statute, is to be inferred, and also show forth the acts and declarations of the debtor which disclose the alleged intent to defraud. Possibly the rule contended for ought to prevail in those jurisdictions where the issue of the writ is made a judicial act, but we can see no sound reason for its application under the provisions of our statute, which, as we have

copartners, trading under the name and style aforesaid, have a cause of action against William Garner, which cause of action is, and the grounds upon which this affiant bases this affidavit are, money due to said copartners, trading as aforesaid, for goods sold and delivered by them to the said William Garner at his request and for prices agreed upon between them ; that this affiant and his said copartner, trading under the name and style aforesaid, have a just right to recover for the aforesaid goods and merchandise so sold and delivered against the said William Garner what is claimed in the declaration to which this affidavit is annexed, and there is due on said account from the said William Garner to this affiant and his said partner, trading under the name and style aforesaid, exclusive of all set-offs and just grounds of defense, the sum of eleven hundred and twenty-six and twenty-five one-hundredths dollars ($1,126.25), with interest thereon from December 1st, 1893 ; that the said William Garner has secreted a large quantity of his goods and merchandise by removing the same from his store place and storing the same in unusual and secret places with intent to hinder, delay, and defraud creditors, of whom this affiant and his said partner, trading as aforesaid, are.                    JOSEPH WIELAR.

seen, not only makes the issue of the attachment a ministerial act, but also provides an effective and summary remedy in case of false statements in the affidavit upon which the action of the clerk was obtained.

Under statutes of the same general nature as that which prevails here, the great weight of authority seems to be to the effect that an affidavit for an attachment is generally sufficient if it follow the language of the statute, or is in substantial compliance therewith. Drake on Attachments, Sec. 107, and authorities cited. Sometimes the particular clause of the statute may be so worded as that to adopt its exact words would not make a positive and certain statement of a fact; when this is the case, the affidavit should not follow the language of the statute, but instead state the necessary fact or conclusion in direct and certain terms. The statement should always be so certain and positive that perjury may be assigned upon it in case of its falsity.

This view is not only supported by weighty authority, but also, we think, maintained by sound reasoning. It is in substantial accord with the decision made in *Matthai* v. *Conway*, 2 App. D. C., *supra*, and we see no conflict in it with the doctrine of *Newman* v. *Hexter*, 1 MacA. & M. 89, and *Boulter* v. *Behrend*, 20 D. C. 568.

Construing our statute, therefore, we hold that an affidavit fully complies therewith which states the ultimate fact substantially in its terms, without stating in connection therewith the probative facts which may be necessary to be shown in case of traverse. The same rule applies also to the allegation of the intent with which the act may have been done.

The leading authorities relied upon by appellee in support of his contention are not in point because they are founded upon statutes essentially different from ours. For instance, in *Delaplain* v. *Armstrong*, 21 W. Va. 211, the court says that the statute " has expressly provided that the plaintiff shall, in addition to stating the grounds of his attachment, state in his affidavit the material facts relied on by

him to show the existence of the grounds upon which his application for the attachment is based." (Page 214.) It would also seem that the attachment could only issue upon an order of the court, for it is also said : ." It is the conclusion of the court, and not of the affiant, that the statute requires." So, in support of the rule laid down in *Ex parte Robinson*, 21 Wend. 672, Nelson, C. J., said : "The statute was intended to break up the practice of swearing within the words of the general ground upon which the process issued."

We hold also that it was not necessary for plaintiff to state in his affidavit either the quantity of goods removed or the places of their concealment. The important fact which authorized the process was that goods had been removed and secreted with intent to defraud creditors. The quantity of the goods and the places of secretion were of no consequence whatever. To require a plaintiff to ascertain and state these facts would amount to a practical denial of the attachment upon this ground.

We hold further that the supporting affidavit* of the

---

*Supporting affidavit.*—I, Isaac Levy, being first duly sworn, do on oath depose and say that Joseph Wielar and Pincus Chock, copartners trading under the name and style of Wielar and Chock, have a cause of action against William Garner, which cause of action is, and the grounds of this affidavit are, money due to the said partners trading under the name and style —, for goods and merchandise sold and delivered by the said copartners to the said William Garner; that the said copartners, trading under the name and style aforesaid, have a just right to recover against the said William Garner what is claimed in their declaration to which this affidavit is annexed, and there is due from the said William Garner to the said copartners, trading as aforesaid, exclusive of all set-offs and just grounds of defense, the sum of eleven hundred and twenty-six and twenty-five one-hundredths dollars ($1,126.25), with interest from December 1st, 1893 ; that said William Garner has secreted a large quantity of merchandise by removing the same from his place of business and storing the same and causing it to be stored in unusual and secret places with intent to hinder, delay, and defraud his creditors ; that this affiant was at the time of said removal in the employ of the said Garner, and by his direction assisted in the removal of these goods, and the said Garner at the time of said removal and previous thereto informed this affiant that he expected to fail and was removing these goods and was going to have them removed for the purpose of putting them out of the reach of his creditors. ISAAC LEVY.

witness Levy was not defective because he did not expressly say therein that he had "personal knowledge" of the truth of the facts alleged. This witness says : " Plaintiffs have a cause of action against defendant, which cause of action is, and the grounds of this affidavit are, money due to the plaintiffs . . . for goods and merchandise sold and delivered by them to the said defendant; that said plaintiffs have a just right to recover against the said William Garner what is claimed in their declaration to which this affidavit is annexed, and there is due from the said defendant to the plaintiffs, exclusive of all set-offs and just grounds of defense, the sum of $1,126.25, with interest," and so forth. The witness further states that he was in the employment of the defendant, and that goods were secreted by him for the avowed purpose of defrauding creditors, and so forth. The affiant does not state in words that he had "personal knowledge " of the facts as stated by him, and it is urged that it is apparent that he could not have had this actual knowledge of the existence and validity of the indebtedness which he describes. There are several ways in which the affiant could have acquired knowledge of the facts sworn to. He does not say that he *believes* them to be true, or that the plaintiff claims them to be true in his affidavit or declaration, as was the case in *Newman* v. *Hexter*; on the contrary, he makes a direct and positive statement which implies personal knowledge. We are of the opinion that it was no more necessary that he should state all the facts from which his knowledge or means of knowledge might appear, than that the plaintiff should set forth in his own affidavit the facts which would show the secretion of the goods and disclose the fraudulent intent therein.

It follows from what has been said that the court erred in quashing the writ of attachment, and *its judgment must therefore be reversed, with costs to the appellants, and the cause remanded for further proceedings not inconsistent with this opinion; and it is so ordered.*