UNITED STATES v. STRAUSS BROS. & CO.

(Circuit Court of Appeals, Second Circuit. January 7, 1905.)

No. 70.

1. CUSTOMS DUTIES—PING-PONG BALLS—COLLODION—TOYS.

Ping-pong balls are not "toys," as provided for in paragraph 418, Tariff Act July 24, 1897, c. 11, § 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674], but are dutiable under paragraph 17 of said act, Schedule A, § 1, c. 11, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], as articles of collodion.

2. SAME—REVIEW OF FINDINGS OF COLLECTORS OF CUSTOMS.

Where a decision of a collector of customs as to the dutiability of imported merchandise is under review by the Board of General Appraisers or the courts, his findings of fact, when based on no other evidence than that afforded by the articles themselves, may be reversed without any further evidence. The collector, the board, and the courts are all equally entitled to avail themselves of such information as may be derived from an inspection of the articles in connection with the facts of common knowledge and experience, of which judicial notice may be taken.

3. EVIDENCE—JUDICIAL NOTICE—PING-PONG BALLS.

In deciding whether ping-pong balls are toys, or articles constructed for the amusement of children, judicial notice may be taken of the fact that the game of ping-pong is ordinarily played on a table of such height that it would be difficult for children to play the game; that it is a game which is indulged in by adults, and which requires a degree of skill not ordinarily possessed by children; and that the balls are sold in stores that deal in athletic goods that are not within the category of toys.

Appeal from the Circuit Court of the United States for the Southern District of New York.

This cause comes here upon appeal from a judgment of the United States Circuit Court for the Southern District of New York (128 Fed. 473), affirming the decision of the Board of General Appraisers, which had reversed the classification of the collector of the port of New York. Note United States v. Wanamaker (C. C.) 136 Fed. 266.

Charles D. Baker, for the United States.

A. H. Washburn, for appellees.

Before WALLACE, LACOMBE, and TOWNSEND, Circuit Judges.

TOWNSEND, Circuit Judge.   The articles in question are ping-pong balls.   They were returned and classified for duty as "manufactures of pyroxylin," and were assessed as such by the collector, under paragraph 17, Act July 24, 1897, c. 11, § 1, Schedule A, 30 Stat. 152 [U. S. Comp. St. 1901, p. 1628], which is as follows:

"Collodion and all compounds of pyroxylin, whether known as celluloid or by any other name, 50 cents per pound; rolled or in sheets, unpolished, and not made up into articles, 60 cents per pound; if in finished or partly finished articles, and articles of which collodion or any compound of pyroxylin is the component material of chief value, 65 cents per pound and 25 per cent. ad valorem."

The importers protested, claiming that said articles were dutiable as toys, under paragraph 418 of said act (section 1, Schedule N, 30 Stat. 191 [U. S. Comp. St. 1901, p. 1674]), which is as follows:

"Dolls, doll-heads, toy marbles of whatsoever materials composed, and all other toys not composed of rubber, china, porcelain and parian, bisque, earthen or stone ware, and not specifically provided for in this act, 35 per cent. ad valorem."

In reversing the action of the collector, the Board of General Appraisers held as follows:

"We find from the papers before us that the articles described on the invoices as 'ping-pong balls,' are of the same general character as those passed upon in G. A., 1,644 (T. D. 13,223), and board decision (unpublished) dated April 30, 1903, protest 55,065B, and there held to be toys. Following these rulings, we sustain the protests.  *  *  *"

The Circuit Court affirmed the decision of the board.   No evidence was taken either before the board or in the Circuit Court.   The argument in the court below was confined to the question whether, in the absence of any evidence upon a question of fact, the Board of General Appraisers had the power to reverse the finding of fact by the collector. It is unnecessary to consider how far this argument might be applicable in a case where the collector had acted upon the evidence of witnesses produced before him.   It has no relevancy to the question at issue in the case at bar, where the only evidence consisted in the articles themselves.   The collector, the board, the court below, and this court are all equally entitled to avail themselves of such information as may be derived from an inspection of the articles in connection with the facts of common knowledge and experience, of which judicial notice may be taken.   Here it does not even appear that the Board of General Ap-

praisers based their decision either upon inspection of these specific articles, or upon the facts of which they were entitled to take judicial notice. It appears from their opinion that they found the articles to be toys, because they "are of the same general character as those passed upon in" certain prior decisions. Said decisions are not incorporated in the record, and this court is without information as to whether the former conclusions were reached upon the hearing of testimony, or upon inspection of the articles, or otherwise. We are unable to concur in the conclusion of the board that these articles are toys. A "toy" is defined as follows:

"An article constructed for the amusement of children; a plaything, as a doll or Noah's ark; hence: any trifling or amusing object; any bauble or knickknack; trinket; trifle." Standard Dict.

We cannot close our eyes to the fact that the game of ping-pong is ordinarily played on a table which is of such a height that it would be difficult for children to play the game; that it is a game indulged in by adults, and one which requires a degree of skill not ordinarily possessed by children; and that ping-pong balls are sold in stores where athletic goods such as footballs and baseballs, tennis and golf balls, are sold. The fact that small boys indulge in games of baseball and football does not serve to bring the balls within the category of toys. These ping-pong balls are imported and sold to be used in a game of skill played by adults.

The decisions of the Circuit Court and of the Board of General Appraisers are reversed, and the classification of the collector is sustained.