GEORGE N. MORTON'S CASE.

Suffolk.    January 21, 1907. — June 18, 1907.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Habeas Corpus.    Arrest*, On mesne process, On execution.    *Jurisdiction.    Poor Debtor.*

A judgment creditor brought an action on his judgment and procured the arrest of the debtor on mesne process upon a writ and affidavit in proper form. The debtor petitioned for and procured a writ of habeas corpus, seeking his discharge from arrest, contending that the court in which the judgment sued on was ordered had no jurisdiction. *Held*, that the fact that the petitioner had a good defence to the action on the judgment was not a ground for his discharge in habeas corpus proceedings.

*It seems*, that if a judgment debtor is arrested on execution, he can procure his discharge in habeas corpus proceedings by showing that the court from which the execution issued had no jurisdiction.

Where one brings an action against an alleged debtor and, having caused his arrest on mesne process, for a consideration discharges the defendant and dis-

continues the action, and subsequently brings a new action and obtains a judgment, he is not precluded from causing the arrest of the debtor on mesne process on a writ and affidavit in proper form in an action brought on such judgment.

R. L. c. 168, § 45, gives an exemption from a second arrest to one arrested on mesne process and discharged after taking the oath for relief of poor debtors, but does not give the alleged debtor such exemption if he was discharged from such arrest by the plaintiff voluntarily, or if he was discharged upon his taking the oath that he did not intend to leave the Commonwealth.

HABEAS CORPUS to the sheriff of the county of Suffolk dated January 3, 1907.

There was a hearing before *Rugg*, J., who reserved the case for consideration and determination by the full court. The facts are stated in the opinion.

The case was argued at the bar in January, 1907, before *Knowlton*, C. J., *Morton, Loring, Braley*, & *Sheldon*, JJ., and afterwards was submitted on briefs to all the justices.

*C. F. Eldredge*, for the petitioner.

*H. C. Sawyer*, (*E. M. Schwarzenberg* with him,) for the respondent.

KNOWLTON, C. J. This was a hearing upon a writ of habeas corpus. The single justice, under the R. L. c. 156, § 7, reserved for the full court the question of law whether the facts set forth in the petition for the writ, and in the return, would entitle the petitioner to be discharged.

The prisoner was arrested on mesne process upon a writ and affidavit, in perfect form, in which the declaration is upon a judgment against the respondent, recovered in the Superior Court. One matter stated in the petition, on which the petitioner relies for his discharge, is that the service upon the original writ on which the judgment is founded was insufficient, inasmuch as he was not a resident of this Commonwealth, and had no last and usual place of abode therein, and there was no personal service upon him. He says, therefore, that the judgment is void. If the facts are as stated, they will enable the respondent to defend successfully against the suit when the case comes to trial, for he may plead the prior lack of jurisdiction directly against an action founded on such a judgment, without resort to a writ of error. *Eliot* v. *McCormick*, 144 Mass. 10. *Needham* v. *Thayer*, 147 Mass. 536. But the fact that he has a good defence against the suit cannot be set up to relieve him

from a liability to an attachment of his property, or an arrest of his person, as security for such judgment as may be recovered in the action. It often happens that a plaintiff does not prevail when the case comes to trial. But, if he acts in good faith, he may attach the property or arrest the person of the defendant on mesne process, in a proper case. At the proper time the defendant may plead that the claim is unfounded. If the declaration is upon a promissory note he may answer that the note is a forgery, and is therefore void, or if it is upon a judgment, he may answer that the judgment is void because the court that rendered it had no jurisdiction. But such a defence affects only the validity of the claim on which the action is brought. It does not reach the validity of the process on which the arrest is made, and the court cannot try a question of this kind on a writ of habeas corpus. *Sennott's case*, 146 Mass. 489. *Gorman's case*, 124 Mass. 190. If it could, we might find the parties conducting their litigation as to the merits of the plaintiff's claim upon a writ of habeas corpus, without a jury, and the decision in such cases might be the foundation of a subsequent plea of *res judicata*. If a plaintiff sues maliciously and makes an arrest he is liable in damages.

If an execution had been issued on the judgment which is declared on in this writ and the petitioner had been arrested upon it, a very different question would have arisen. An execution is a process that has no validity apart from the judgment which it is issued to enforce, and the judgment debtor, if arrested, may set up on habeas corpus that the judgment and execution were not merely voidable, but wholly void. *Sennott's case, ubi supra*. A writ in an action of contract stands differently. It rests for its validity upon the jurisdiction of the court to summon the defendant to come in and answer to the claim made against him, and upon the additional jurisdiction to give the plaintiff security for such final judgment as he may recover by an attachment of property or an arrest of the person. The validity of the attachment or of the arrest does not depend upon the question whether the plaintiff's cause of action is valid or void. The jurisdiction is complete, and the process is legal, and the attachment or arrest remains in force until it is determined whether the defendant is indebted as averred.

The other of the petitioner's reasons for a discharge is founded on his averment that, previously to the bringing of the suit in which the judgment was rendered, the plaintiff brought another suit upon the same promissory notes which are the foundation of the judgment, and arrested the plaintiff thereon, but voluntarily discharged him the same day for a consideration.

This claim is squarely met by the decision in *Jewett* v. *Locke*, 6 Gray, 233, which holds that a plaintiff, acting in good faith, and with no intention to oppress the defendant, may, on finding that the bail taken in a civil action is insufficient, discontinue the action, and arrest the defendant again on a second writ for the same cause of action.

The petitioner relies upon R. L. c. 168, § 45, which gives to a person discharged on taking the oath after an arrest on mesne process the same advantage of exemption from a second arrest, for the same cause of action, that one has who has been discharged after an arrest on execution. But this section applies only to a discharge on taking the oath for the relief of poor debtors, and it has no relevancy when there is a voluntary discharge, or a discharge after taking the oath that the defendant does not intend to leave the State.

*Prisoner remanded.*