## AQUINO v. KNOX et al.
### No. 637.

Municipal Court of Appeals for the District of Columbia.

July 1, 1948.

---

[4] District of Columbia v. Totten, 55 App.D.C. 312, 5 F.2d 374, 40 A.L.R. 1461;

Levy v. Bryce, D.C.Mun.App., 46 A.2d 765.

238

Francis W. Taylor, of Washington, D. C., for petitioner.

Leonard S. Hayes, of Washington, D. C., for respondents.

Ruffin A. Brantley, of Washington, D. C. (Ernest F. Williams, of Washington, D. C., on the brief), for Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This case involves a petition to review a final order of the District of Columbia Rent Administrator. It comes here pursuant to a recent amendment of the District of Columbia Rent Act, having been certified to this court by a statutory three-judge Municipal Court as a case pending at the time of the amendment.[1]

Aquino, owner of a ten-unit apartment building at 3020 B Street, Northeast, in March 1947 petitioned the Rent Administrator for an adjustment in the rent ceilings of the various apartments on the basis of a substantial rise in taxes, maintenance and operating costs since the freeze date on January 1, 1941.[2] A hearing was held by an Examiner and orders were issued effective May 13, 1947, allowing increases of $2.50 per month for each apartment regardless of size, or a total increase in rentals of $300 per annum. No request for review by the Administrator as allowed by the Act[3] was made and the orders became final. Thereafter, in August 1947, a petition for a further increase was filed, and a

hearing thereon was held in September, and thereupon additional increases totaling $144 for all apartments were granted. The same Examiner heard both cases, and after the second hearing he issued findings and a recommended order and notice to become effective October 27, 1947. The Examiner found that "the expenses borne by the landlord including taxes and water rent have increased substantially and form a proper basis for adjustment of the maximum rent ceiling to compensate therefor to the extent recommended herein." However, he made a further finding that "any adjustment in an amount greater than that recommended herein would permit the receipt of rent in excess of the generally prevailing rate for comparable housing accommodations."

In due course the Administrator was requested to review this proposed order, and on January 27, 1948, he finally affirmed the Examiner's findings and adopted the proposed order. A petition was thereupon filed for review by the statutory three-judge court and has been certified therefrom to us.

Two fundamental grounds are urged as a basis for reversal: First, that the increase of $144 over the rentals set in the first order, after deducting increased taxes and water rent, amounts to only $28.54 net to compensate him for an increase in expenses of $848. Petitioner charges that this amount is so small as to make the Administrator's hearing unfair, unjust and unreasonable. Second, he contends that the Examiner's finding that a greater increase would permit a rental in excess of that generally prevailing for comparable housing accommodations is not supported by the record. With the increases granted in May 1947 and January 1948 the rentals became: one room, kitchen and bath $38; two rooms, kitchen and bath $46; three rooms, kitchen and bath $54; and four rooms, kitchen and bath $59.50. Petitioner states that "it is common knowledge" that average apartments range in rents from $15 to $20 a room.

In reply the Administrator cites Section

---

[1] Public Law No. 507, 80th Cong., 2d Sess., c. 243, § 4, April 29, 1948.

[2] Code 1940, Supp. V, § 45—1604(b).

[3] Code 1940, Supp. V, § 45—1608(c).

4(b) of the Act[4] pointing out the discretionary nature of his authority, and noting that adjusted ceilings shall not be allowed which permit the receipt of rent in excess of that generally prevailing for comparable housing accommodations as determined by the Administrator. It is his position that it is the duty of the Administrator to make such findings of fact, and that an appellate tribunal may not reweigh the findings if they are supported by the evidence.

■ We agree with the Administrator's contention that his findings of fact when supported by substantial evidence are conclusive. The Act states, "He (Administrator) shall state his findings of fact or affirm the Examiner's findings of fact which findings in either case shall be conclusive if supported by substantial evidence * * *."[5] In the light of this language and recurrent holdings of the Supreme Court concerning the finality of administrative fact-finding powers, Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L. Ed. 598, and Cardillo v. Liberty Mut. Ins. Co., 330 U.S. 469, 67 S.Ct. 801, 91 L.Ed. 1028,[6] no other interpretation is possible.

In order to determine whether the findings are supported by substantial evidence, we must distinguish between the record in the case and the briefs of the respective parties. The Act requires that when a petition for review of an order of the Administrator is filed he "shall certify and file with the court a transcript of the record upon which the order complained of was entered."[7] The record so certified by the secretary-docket clerk in the office of the Administrator consists of the petition of the landlord with certain attached exhibits, a copy of the findings and recommended order of the Examiner, the petition to the Administrator for review with accompanying exhibits, a statement of evidence in proceedings before the Examiner, and an order of the Administrator affirming the findings of fact and order of the Examiner. The statement of evidence before the Examiner, signed by him, contains no reference whatever to rentals of comparable housing accommodations except the statement that "the respondents (tenants in the apartment building) failed to offer any evidence of comparability with similar housing accommodations."

In his petition for review before the Administrator and again in his brief on this appeal petitioner urges that he was not given an opportunity of knowing what if any comparable housing accommodations were used by the Examiner in making up his decision. In his brief he states further that he submitted a list of apartment buildings comparable with this one and requested inspection of the rent schedules for them but that this information was refused. On the other hand the Administrator in his brief states that both he and the Examiner "carefully considered the rents charged for comparable housing accommodations" and found "that certain apartment buildings were submitted by appellant as comparable and that the buildings on this list were considered by the Examiner before he made his findings." Even in the brief there is no statement of what this examination disclosed.

It is clear that we are not entitled to consider such statements contained in briefs. It results that we are left totally without information as to the basis for the findings of the Examiner and of the Administrator that any other adjustments of rents in the present case greater than that recommended would permit the receipt of rent in excess of the generally prevailing rate for comparable housing accommodations.

■ The Administrator is not bound by the common law rules of evidence,[8] nor have we any doubt of his inherent right to take judicial notice of certain facts not presented in evidence.[9] However, this does not allow him the carte blanche right to reach an ultimate fact determinative of

[4] Code 1940, Supp. V, § 45—1604(b).
[5] Code 1940, Supp. V, § 45—1608(c).
[6] See also Norton v. Warner Co., 321 U. S. 565, 64 S.Ct. 747, 88 L.Ed. 430; Davis v. Department of Labor and Industries, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed.

246; Hurley v. Lowe, App.D.C., 168 F.2d 553.
[7] Code 1940 Supp. V, § 45—1609(a).
[8] Code 1940, Supp. V, § 45—1608(b).
[9] Los Angeles & S. L. R. Co. v. Public Utilities Commission, 81 Utah 286, 17

the case without the slightest attempt to incorporate into the record the basic facts essential to his conclusion.

To allow an ultimate finding without basic supporting facts of record would render nugatory court review. Congress has provided a judicial review, and the required findings of fact are no mere technicality.[10] It is not necessary for the findings to be set out in detail, but they must be shown with substantial particularity to enable the petitioner to rebut them, and a reviewing court to follow the path which has been used.[11]

It may be suggested that the Administrator has practically untrammeled discretion, after hearing, to decide upon the amount of the increase to which the landlord is entitled and that the proviso in the Act to the effect that a proposed increase shall not bring the rentals above those generally prevailing for comparable housing accommodations is a limitation which may be invoked only by affected tenants. This may be true in a case where it is claimed that increases allowed exceed rentals for comparable housing. It is not true, however, in the present case. Here the Administrator has made a general finding that the landlord's expenses have increased substantially and entitle the landlord to an increase to the extent allowed, and then has further found that to give a larger increase would raise the rents above those for comparable housing accommodations. It results that the controlling finding is that relative to rentals for comparable housing. Read together the findings can mean only that the Administrator concluded that the increased expenses would have justified a greater increase had it not been for the rentals for other housing, and yet the finding as to comparable housing is without substantial evidence to support it.

It may also be suggested that the Administrator and his examiners have become experts in the rental field and that hence a finding such as the present one needs the support of no specific data. The Administrator himself, however, takes no such position. He says he has examined the rentals of comparable housing accommodations. The difficulty is that he has not listed them nor even stated what the rentals are. He has stated no basis whatever upon which his conclusions may be checked for accuracy and legal correctness.

The case at bar falls within the holding of the Supreme Court in the leading case of Ohio Bell Telephone Co. v. Public Utilities Commission of Ohio, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093. One of the basic requirements of procedural due process in a quasi-judicial proceeding is the right of the contesting parties to know the facts relied upon by the tribunal in deciding the case. To allow less is to permit star chamber methods. In London Terrace v. Creedon, Em.App., 162 F.2d 722, the care with which the national Rent Administrator's examiners and inspectors checked on rentals of comparable housing accommodations and submitted the resulting data to the reviewing court is in striking contrast to the record in the present case. Here the Administrator did not lay down his cards and offer the protestant a chance to play his trump cards if any he had.[12]

This decision can not stand on the present record and it is remanded for further proceedings not inconsistent with this opinion.

P.2d 287; United States v. Strauss Bros. & Co., 2 Cir., 136 F. 185; Note 123 A.L.R. 1349.

[10] Saginaw Broadcasting Co. v. Federal Communications Comm., 68 App.D.C. 282, 96 F.2d 554, certiorari denied 305 U.S. 613, 59 S.Ct. 72, 83 L.Ed. 391. See also Atchison, Topeka & S. F. Ry. Co. v. United States, 295 U.S. 193, 55 S.Ct. 748, 79 L.Ed. 1382; cf. Pacific States Box & Basket Co. v. White, 296 U.S. 176, 56 S.Ct. 159, 80 L.Ed. 138, 101 A.

L.R. 853; Mississippi River Fuel Corp. v. Federal Power Comm., App.D.C., 163 F.2d 433.

[11] Colorado Interstate Gas Co. v. Federal Power Comm., 324 U.S. 581, 65 S. Ct. 829, 89 L.Ed. 1206; Note 146 A.L.R. 209, 236.

[12] For other similar examples of other proceedings found to afford due process see White v. Bowles, Em.App., 150 F.2d 408; Mortgage Underwriting & Realty Co. v. Bowles, Em.App., 150 F.2d 411.