## DAVIS v. TRUMBULL et al.
### No. 674.

Municipal Court of Appeals for the
District of Columbia.

Oct. 6, 1948.

Frederick R. Wilson, of Washington, D. C., for appellant.

Maurice A. Guervitz, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff appeals from an order quashing a writ of attachment before judgment.

The suit, which was for the value of a used automobile, named as defendants appellee Trumbull and three others, and alleged that the four defendants had conspired together and had by trickery and fraud obtained possession of the automobile. Plaintiff accompanied his complaint by an affidavit alleging that defendants had fraudulently contracted the debt respecting which the action was brought. Based on this allegation a writ of attachment before judgment was issued under Code 1940, § 16—301. Under this writ the marshal seized an automobile in defendants' possession (not the one for the value of which the suit was brought).

Defendant Trumbull, appellee here, filed a motion to quash the writ of attachment, together with a traversing affidavit as authorized by Code 1940, § 16—307, denying plaintiff's charge of fraud and challenging his right to an attachment before judgment. On the issue thus created a hearing was had and testimony taken. The trial judge granted the motion to quash.

In bringing this appeal plaintiff first makes the general statement that the trial court erred in granting the motion to quash. He argues that his testimony should have been believed and that the testimony of appellee and appellee's mother was "obviously false and so unreasonable that the finding of the trial court is contrary to the evidence." Plainly this presents no case for appellate review.

A large part of the testimony dealt with the question as to whether defendant Trumbull owed plaintiff anything. Somewhat involved, it concerned loans by plaintiff to defendant and transfer and retransfer between the parties of the automobile of which plaintiff claimed to have been defrauded. We express no opinion as to whether the testimony showed defendant to have been indebted to plaintiff. That

will be determined in the trial court when the case is heard on the merits. On this appeal our only concern is whether there was sufficient evidence to support the ruling quashing the attachment. We rule that there was.

To support his charge of fraud plaintiff testified that defendant Trumbull and an automobile dealer, one Kolb (one of the co-defendants), had agreed with him that if he left the automobile with the dealer, as a trade-in on the one Trumbull wished to buy, said defendants would protect him by giving him a lien on the newly acquired automobile. He admitted that he had signed a paper promising to sign over the title to his car to the dealer, but said that in fact he never signed the title certificate, and that someone forged his name thereto. On this and other vital points the testimony of Trumbull and Kolb was in direct conflict with that of plaintiff and the trial judge was justified in finding that the allegation of fraud had not been sustained and that the attachment should be quashed.

Appellant says that the trial judge should have granted him a trial by jury on the issue involved. The record shows that when the request was made (on a Saturday) the trial judge offered to set the motion for jury trial on the following Monday, and that plaintiff's counsel said he could not be ready until the following Wednesday or Thursday, and thereupon the judge ordered the hearing to proceed without a jury. This situation is not covered by the rule of the Municipal Court dealing with the right to jury trial. Municipal Court Rule 35. It is governed by the attachment statute, Code 1940, § 16—307, which says that when a defendant files an affidavit traversing plaintiff's affidavit the court shall determine whether just grounds for issuing the attachment existed and "if the court shall deem it expedient, a jury may be impaneled to try the issue." This language vests in the trial judge a broad discretion which we rule he did not improperly exercise in this case.

Appellant says the trial court should not have entertained the motion of defendant Trumbull, because it was not joined in by the other three defendants.

He presents no argument in support of this contention and we know of no reason why one defendant may not come into court and demand the release of attached property. Moreover the Code permits any defendant, any garnishee, or even a stranger to the suit who makes claim to the attached property, to plead to the attachment. Code 1940 § 16—316.

A fourth assignment of error complains of the refusal of the judge to impound a certain certificate of title. This assignment is not argued in the brief and the record does not show that any such ruling was made.

Affirmed.