**NEWBERRY v. H. L. RUST CO. et al.**

No. 749.

Municipal Court of Appeals for the District of Columbia.

March 29, 1949.

---

[4] Code 1940, § 11—738.

[5] Cf. Cohen v. Brandt, D.C.Mun.App., 63 A.2d 853.

L. J. H. Herwig, of Washington, D. C., for petitioner.

William H. MacDonald, of Washington, D. C., (Joseph T. Sherier, of Washington, D. C., on the brief), for respondents.

Ernest F. Williams and Ruffin A. Brantley, both of Washington, D. C., entered an appearance for the Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Judge.

Petitioner is one of the tenants in the Stanton Manor Apartment House at 644 Massachusetts Avenue, N. E., and appeals from an order of the District of Columbia Rent Administrator increasing her rent from $52.50 to $55 per month.

Respondent,[1] a real estate firm acting as agent for the owners of the apartment house, filed an application for increased rentals on the ground that the maximum rent ceiling was, "due to peculiar circumstances affecting such housing accommodations, substantially * * * lower than the rent generally prevailing for comparable housing accommodations."[2] This is one of several grounds specified in the Emergency Rent Act, D.C.Code 1940, § 45—1601 et seq., upon which the Rent Administrator may order rent increases.

As presented to a rent examiner, respondent's case was that the apartment house, a five-story structure, includes 49 apartments, on which the rentals have remained unchanged since January 1, 1941; that the landlord desired an increase in the rentals of only 29 apartments, including that of petitioner, because the landlord considered that rents on such units were less than those of comparable apartments in the building.

The examiner and the Administrator found that no peculiar circumstances had been shown to exist but, after evidence of certain increases in operating expenses, repairs and replacements had been introduced, respondent was permitted to amend its petition so as to bring it under another section of the Rent Act providing that a rent increase might be ordered to compensate for a substantial rise since January 1, 1941, in taxes or other maintenance or operating costs or expenses.[3]

The examiner made a finding that increased expenses, including taxes and water rent, formed a proper basis for a rental increase recommended by him, which was that requested by the landlord. Over the protest of petitioner the examiner's recommendations were approved by the Administrator.

The Administrator also overruled a protest by petitioner against the decision of the examiner finding that there had been no diminution in the minimum service standard applicable to petitioner's apartment. Petitioner complained particularly that the

---

[1] Actually there are several respondents but we use the singular for convenience to designate H. L. Rust Company, the other respondents being the owners of the building.

[2] Code 1940, Supp. VI, 45—1604(a).

[3] Code 1940, Supp. VI, 45—1604(b).

owners had withdrawn a resident manager with the result that instead of paying rent on the premises to such manager she had been compelled to pay it in person at respondent's downtown office [4] and with the further result that the cleanliness of the building had deteriorated.

■ Assuming that the examiner's finding on this issue was erroneous, Roumel v. Goldberg, D.C.Mun.App., 46 A.2d 114, we conclude such error was harmless so far as this proceeding is concerned because, while petitioner urged that because of the diminution of service her rent should be decreased to $50 a month, she submitted no evidence as to how much the rental value of her apartment was reduced.

Petitioner also urged as grounds for reversal of the Administrator's order first that the increase in her rent was discriminatory as compared with the rents on some other apartments and second that the Administrator's order was not supported by any substantial evidence.

■ The findings of the examiner are so general that it is difficult to ascertain their factual basis, but it seems clear that the rental increases ordered apply to only 29 apartments out of a total of 49, although the examiner made a specific finding that no basis had been shown for increasing some of the rentals on the basis of the existence of "peculiar circumstances." In other words, an increase apparently was granted on some apartments, including that of petitioner, to compensate for increased expenditures made on the entire apartment house. Such a result would be justified only if there were a finding that the 1941 rentals on some of the apartments were, due to peculiar circumstances, substantially lower than the rentals generally prevailing for comparable housing accommodations. A finding having been made that no peculiar circumstances existed, the Administrator was without power under the Act to charge increased expenses of the entire building to only a portion of the apartments.

■ It is also clear from the record that respondent did not introduce sufficient evidence to justify an increase on any basis. The record on appeal shows affirmatively that respondent presented no figures of operating and maintenance costs except those since February 1, 1946, when this particular real estate firm took over management of the property. The statute is clear that increased rentals must be based upon increases in costs since January 1, 1941. Hence increases since 1946 without comparisons with expenses for 1941 are meaningless. True it is that the landlord gave a few figures, such as for taxes, for 1941, but other operating expenses may have decreased. An order increasing rents may not be based upon a showing of increases in some items of expenses without any showing as to the remaining items. Apparently the apartment house remained under the same ownership throughout the period and the mere change in management from one real estate firm to another obviously furnished no reason for the failure to produce comparative operating expenses for the entire period.

An order for increased rentals founded upon such a basis can not stand.

Reversed.

---

[4] Petitioner does not maintain a bank account.