## AQUINO v. WINTHROP.
### No. 781.

Municipal Court of Appeals for the District of Columbia.

April 13, 1949.

Francis W. Taylor, of Washington, D. C., for appellant.

J. Flipper Derricotte, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

The apartment involved in this case is one of ten in a building which was before us in an earlier appeal. Aquino v. Knox, D.C. Mun.App., 60 A.2d 237. On the freeze date fixed by the local Rent Act it rented for $55 per month. In May 1947 the monthly rental was by order of the Rent Administrator increased to $57.50. In a later proceeding the Administrator, in January 1948, granted increases on all apartments in the building and fixed the ceiling on this particular apartment at $59.50. The landlord appealed, charging that the increase allowed was so small as to make the hearing before the Administrator unfair, unjust and unreasonable, and charging also that the record did not support the Administrator's finding that a greater increase would permit a rental in excess of that generally prevailing for comparable housing accommodations.

We called attention to the fact that the Administrator had made a general finding that landlord's expenses had increased substantially and entitled him to the increase allowed, and that the Administrator further found that to allow a larger increase would raise rents in the building above those for comparable housing accommodations. But we noted that there was no evidence in the record to support the latter finding.

We pointed out that a basic requirement of procedural due process in such proceedings is the right of the contesting parties to know the facts relied on by the tribunal in making its decision. We ruled that such requirement had not been met because the Administrator had failed to incorporate into the record the basic facts essential to support the ultimate decision fixing new

rentals on the ten apartment units in the building (including the $59.50 ceiling on the apartment here involved). We said that the effect of the Administrator's decision was that a greater increase would have been justified except for rentals on existing comparable housing, but that because there was no substantial evidence to support such finding, "this decision can not stand on the present record and it is remanded for further proceedings not inconsistent with this opinion."

While the case was pending before the Administrator on such remand a dispute arose between landlord and the tenant of this apartment as to what rental should then be paid. The dispute resulted in a suit for possession which the landlord based on tenant's alleged default in the payment of rent at the rate of $59.50 per month.

The trial judge ruled that by our decision in Aquino v. Knox, supra, the Administrator's order fixing the $59.50 ceiling was made ineffective and that thereupon the earlier ceiling of $57.50 became reinstated as the governing rate of rental. This is a mistaken interpretation of our decision.

▮ It must be remembered that the landlord, not the tenants, had brought the case here for review. It must also be remembered that the landlord was complaining that the ceilings fixed by the Administrator were too low. In saying that the Administrator's decision "can not stand on the present record" we called attention to a procedural defect or insufficiency in the record which needed amplification or correction.[1] And in remanding the case for further proceedings not inconsistent with what we had written we did not decide or even intimate that the $59.50 ceiling on this particular apartment (or the ceilings set for the other nine units in the building) was too high; implicit in what we said was that such ceilings might be too low. And in the "further proceedings" ordered to be taken by the Administrator that would logically be the object of inquiry—whether there was in fact a bar to higher ceilings in the form of comparable housing rentals which the record then before us had not disclosed.

It follows that while the case was pending before the Administrator on such remand and until a new ceiling was fixed the monthly rental of $59.50 continued to apply on this apartment.

▮ In his brief appellee says that the question has become moot because he has paid and landlord has accepted the sum of $57.50 for the month in dispute. Appellant in his reply brief says that the rent was accepted by a letter which made it plain that the sum was received only conditionally and pending the outcome of this appeal. In the record itself nothing is revealed concerning this alleged payment and we cannot resolve this dispute on the basis of contradictory statements in the briefs.

Reversed and remanded for further proceedings in accordance with this opinion.

[1] See Mississippi River Fuel Corp. v. Federal Power Comm., 82 U.S.App.D.C. 208, 227, 163 F.2d 433.