## COREY et al. v. FITZGERALD.
### No. 886.

Municipal Court of Appeals for the District of Columbia.

Argued March 27, 1950.

Decided May 4, 1950.

William Logan Donnel, Washington, D. C., for petitioners.

Richard A. Mehler, Washington, D. C., with whom James C. Toomey, Washington, D. C., was on the brief, for respondent.

Ernest F. Williams, General Counsel, and Ruffin A. Brantley, Assistant General Counsel, Washington, D. C., for Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

A group of 19 tenants have asked us to review a decision of the Rent Administrator allowing increases in rent in a 23-unit apartment building at 5509 9th Street, N. W. The landlord had asked for increases somewhat in excess of 10%, and those granted by the Administrator were stated by him to approximate 5%.

Although numerous other points were discussed, the principal assignment of error made by tenants is a finding of a rent examiner, confirmed by the Administrator, that "the expenses for the year 1945 shall be considered the base year for the purpose of the adjustment recommended herein" for the reason that on January 1, 1941, although the apartments were rented on that date, the property was owned by someone else and the records of expenses have been destroyed and the person who acted as rental agent at that time is now deceased.

In his order affirming the findings of the examiner, the Administrator ruled that where the records of expenses for the year 1941 have become unavailable he is entitled to take a later year as a base and compare subsequent years with such base year in order to arrive at a decision as to whether or not a rent increase should be granted.

We do not agree with the position of the Administrator. The Emergency Rent Act of the District of Columbia, Code 1940, Supp. VII, § 45—1602(1)(a), provides that for housing accommodations rented on January 1, 1941, the rent and service to which the landlord and tenant were entitled on that date shall be the maximum rent ceiling and minimum service standard for such accommodations. What is known as Section 4 of the act, Code 1940, Supp. VII, § 45—1604, provides for adjustments of rent and service standards on several grounds. One ground is that, due to peculiar circumstances, the rent ceilings of the premises in question are

substantially higher or lower than the rents for comparable housing accommodations. Another is that substantial capital improvements or alterations have been made since January 1, 1941. Such provisions, however, were not invoked here, but the request for increased rents was based entirely upon the further provision that "Any landlord may petition the Administrator to adjust the maximum-rent ceiling or minimum-service standard, or both, applicable to his housing accommodations to compensate for (1) a substantial rise, since January 1, 1941, in taxes or other maintenance or operating costs or expenses."

In Rosen v. Powers, D.C.Mun.App., 65 A. 2d 200, the Administrator dismissed a petition for adjustment of rents by a landlord after one of his examiners found that the records of expenses for the year ended January 1, 1941, contained numerous errors and subsequent records were not kept according to sound accounting principles. The examiner concluded that the evidence presented was inadequate to form a basis for adjustment of the rent ceiling and recommended an order dismissing the petition. We affirmed the action of the Administrator in dismissing the petition.

In Newberry v. H. L. Rust Co., D.C.Mun. App., 65 A.2d 342, 344, we said:

"It is also clear from the record that respondent did not introduce sufficient evidence to justify an increase on any basis. The record on appeal shows affirmatively that respondent presented no figures of operating and maintenance costs except those since February 1, 1946, when this particular real estate firm took over management of the property. The statute is clear that increased rentals must be based upon increases in costs since January 1, 1941. Hence increases since 1946 without comparisions with expenses for 1941 are meaningless."

The Administrator's brief seeks to distinguish the present case from previous cases on the ground that records showing actual operating expenses for 1941 have been destroyed; but this is far from saying that evidence could not have been obtained

on which an increase might have been justified. In previous examiner's findings in the present case in which a 5% increase was granted (and subsequently withdrawn by the Administrator), it was stated that consideration was given only to figures for taxes, water rents, coal, gas, and electricity. It is obvious, of course, that the landlord could have obtained and introduced in evidence electric, gas, and similar bills for these premises for 1941, and figures were actually produced during a prior proceeding for real estate taxes paid on these premises for all of the years involved including 1941. We are also convinced that reasonably correct figures for coal, and possibly other items, could have been reconstructed for 1941. The reconstruction of missing figures is common. In any event, the statute is clear that the rent ceiling in effect on January 1, 1941, shall remain in effect until the conditions change, as outlined in the act, and we do not believe that the Administrator may substitute 1945 or any other year for the base year. This would amount to administrative amendment of an act of Congress.

It may be that because of increases in taxes and other items since 1941 the rent increase ordered by the Administrator was justified by the record before the Administrator, but we are unable to determine this fact because we have been unable to find in the record what the total rent increase in dollars ordered by the Administrator amounts to. We have on numerous occasions pointed out the necessity of including in the record figures on which at least the approximate correctness of the Administrator's finding may be determined.[1]

Reversed and remanded to the Administrator for further proceedings not inconsistent with this opinion.

CAYTON, Chief Judge (dissenting).

Broad though our language was in the Newberry v. Rust case, I do not think it was broad enough to destroy the remedy of a landlord who, like this one found it impossible to produce evidence as to 1941 expenses. In that case the owner failed to pro-

---

1. Sharpe v. Goldwyn, D.C.Mun.App., 65 A.2d 185, and cases cited therein; Aquino v. Knox, D.C.Mun.App., 60 A.2d 237.

duce any evidence as to 1941 expenses and contented himself with relying on operating figures subsequent to February 1946. He gave no reason for this failure of proof except that there had been a change in real estate agents, and we said this reason was insufficient. But in the case now before us we have a quite different set of facts. Here the landlord did not come into the picture until he took over the property late in 1944. The record shows that at that time the former owner had died and a former agent had also died, and that because of those two deaths all the older records had been destroyed and were unavailable. The tenants stipulated in writing that the cost figures for the years 1941 through 1944 were unavailable, and further stipulated "that due diligence has been exerted by petitioner through his counsel to obtain such cost figures." It being plainly impossible for the landlord to produce cost records for any period prior to 1945, I think it was entirely reasonable for the Administrator to start with that year as a basis for comparison. And I think it is speculative at best to say that the landlord could have reconstructed the figures for 1941.