## MORFESSIS v. THOMAS.
### No. 1257.

Municipal Court of Appeals for the District of Columbia.

Argued Sept. 22, 1952.

Decided Oct. 29, 1952.

---

Ewing Laporte, Washington, D. C., for appellant.

Leonard C. Collins, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant, a builder, hired Thomas as a subcontractor to perform certain electrical work on several jobs. After completion of the work, Thomas filed an action to recover (1) balance due for work done and (2) balance on a promissory note. At the same time he filed an affidavit averring that he had a just right to recover the debt described therein and that defendant was a non-resident. Bond was filed and a writ

of attachment before judgment was issued.[1] The attachment was served upon a local bank and funds were seized. Thereafter defendant's attorney entered a general appearance and filed an answer and counterclaim and demanded a jury trial. The same day he filed a traverse[2] to the garnishment admitting that defendant was a nonresident but denying that plaintiff had a just right to recover. Plaintiff failed to file an answer to defendant's counterclaim.

■ The minute entry on the docket shows that the traverse was placed on the Motions Calendar for October 22, 1951. The entry for that date states: "Cont. for Jury Trial to Oct. 29, 1951." In his brief appellee stated this entry meant continued for a jury trial on the merits of the case. Appellant contends that it meant continued for jury trial on the traverse.[3] The motions judge who made the entry states that he "has no personal recollection of this matter." In the record there is nothing other than the entry, and we can not resolve this dispute on the basis of contradictory statements in the briefs.[4] We are limited to the facts as they are contained in the record.

The next step in the proceedings is best described by the statement of the judge by whom the case was tried:

"The trial judge herein states that prior to the taking of testimony, reference was made by counsel to a traverse and to an attachment before judgment; that she recalls no statement being made to the effect that the cause was before the court on a hearing on a motion, or on a traverse, or other preliminary matter. Based on representations made to the court by both counsel relating to the state of the record and from an examination of the entries on the record itself, the court concluded, and so concludes, that the trial by jury had been waived and that the case was before the trial court for a trial on its merits; and, further, since the facts to be determined on the traverse and on the merits of the case were the same, the trial court drew the inference, and proceeded on the theory, that the judge sitting in Motions Court had concluded that the issues on the traverse should be disposed of at the time the case came on for trial on the merits * * *."

The trial was concluded on October 31, 1951, and the case was taken under advisement and a memorandum opinion was filed April 15, 1952, in which the trial judge made findings for the plaintiff on his complaint, as well as on defendant's counterclaim. In a motion for new trial or to set aside conclusions of law, defendant argued two points: first, the delay in rendering the decision; and, secondly, the law as stated was erroneous. No reference was made at that time concerning the traverse. The motion was denied and judgment on the findings was entered. Defendant then filed a motion to vacate the judgment, claiming that the court was without jurisdiction to enter judgment on the merits of the case because it was before the court only on the issue raised by the traverse to the garnishment. This motion also raised for the first time the fact that the plaintiff had not filed an answer to the counterclaim. Upon the denial of this motion, defendant brings this appeal.

We shall first consider appellant's contention that the trial court could not enter a judgment on the merits because the only issue before the court was that raised by the traverse.

■ Our statute on attachment before judgment[5] requires the filing of an affidavit showing the grounds for plaintiff's claim and setting forth that plaintiff has a just right to recover. The statute also prescribes the type of action in which this special remedy may be used. Once these conditions are complied with the plaintiff

---

1. Code 1951, § 16–301.

2. Code 1951, § 16–307.

3. If the court deems it expedient, a jury may be impaneled to try the issue raised on a traverse. Code 1951, § 16–307.

4. Aquino v. Wintrop, D.C.Mun.App., 65 A.2d 602.

5. Code 1951, § 16–301.

must then allege at least one of the five specific grounds upon which an attachment before judgment is authorized. The ground relied on in this case is that "the defendant * * * is not a resident of the District of Columbia * * *." Plaintiff's affidavit was sufficient in that it stated: the grounds for his claim; a just right to recover; a prescribed type of action; and also that defendant was a non-resident.

In order to quash this attachment defendant filed an affidavit[6] along with his answer and counterclaim by which he traversed plaintiff's affidavit. However, it must be noted that in his counter-affidavit defendant admitted that he was a non-resident.[7] Defendant by his traverse denied only that plaintiff had a just right to recover.

The question therefore is whether defendant may traverse an attachment solely on the "just right to recover" statement in plaintiff's affidavit. We think he may not.

■ The purpose of the traverse is to present to the court for its determination the issue of "whether the facts set forth in the plaintiff's affidavits *as ground for issuing the attachment* are true, and whether there was just *ground for issuing the attachment* * * *."[8] (Emphasis supplied.)

■■ A review of the cases in this jurisdiction, as well as others in which there are similar attachment statutes, clearly shows that the *ground for issuing the attachment* means one of the specifically stated grounds enumerated in section 16–301.[9]

The defendant may deny by affidavit the specific grounds alleged by the plaintiff to entitle him to the attachment, e. g., if non-residence is alleged he may contradict it, as this applies solely to the remedy, not to the right of action. It is not permissible for the defendant, by a motion to quash an attachment, to show that the debt is not due or that the amount claimed by plaintiff is unconscionable or unreasonable; nor upon such a motion can the nature, validity, or justice of the cause of action sued on be inquired into. This would be to try in a summary and collateral way the main issue in the case.[10]

With regard to the attachment only, it may happen that the plaintiff will not prevail when the case comes to trial, but that does not mean that he had no right of attachment before judgment.[11] At the proper time the defendant may plead that the case is unfounded. But such a defense affects only the validity of the claim on which the action is brought. It does not reach the validity of the process by which an attachment is made,[12] and the court can not try a question of this kind on a motion to quash[13] unless it is determined by the court that the issues raised by the motion to quash shall

6. Code 1951, § 16–307.

7. The defendant's answer and counterclaim were incorporated and made part of the counter-affidavit. The answer admits defendant is a non-resident of the District of Columbia.

8. Code 1951, § 16–307. This section continues: "* * * and if, in the opinion of the court, the proofs do not sustain the affidavit of the plaintiff, his agent, or attorney the court shall quash the writ of attachment; and this issue may be tried by the court or a judge at chambers after three days' notice. The said issue may be tried as well upon oral testimony as upon affidavits, and, if the court shall deem it expedient, a jury may be impaneled to try the issue."

9. For cases involving these different grounds see: Suter v. Lockwood Dental Co., 45 App.D.C. 92; Cissell v. Johnston, 4 App.D.C. 335; Wielar v. Garner, 4 App. D.C. 329; Fink v. Katz, D.C.Mun.App., 68 A.2d 813; Davis v. Trumbull, D.C. Mun.App., 61 A.2d 622; Rieffer v. Home Indemnity Co., D.C.Mun.App., 61 A.2d 26; modified, D.C.Mun.App., 62 A.2d 371.

10. State Nat. Bank v. Winn, 134 La. 639, 64 S. 495; Miller v. Chandler, 29 La. Ann. 88; Drake on Attachments (7th Ed.), § 418; 4 Am.Jur., Attachment & Garnishment, § 635.

11. In the event the plaintiff does not recover on the merits, bond is posted to idemnify the defendant for all costs and damages by reason of the wrongful suing out of the attachment. Code 1951, § 16–301.

12. Ex parte Morton, 196 Mass. 21, 81 N.E. 869, 11 L.R.A.,N.S., 1087.

13. Murdoch v. City of Asbury Park, D.C.S. D.N.Y., 48 F.Supp. 18.

be tried at the same time as the issues raised by the pleadings.[14] Code 1951, § 16-331.

Thus defendant, by admitting the only matter open to traverse [15] and attempting to traverse that which he could only deny by answer to the complaint, can not now complain that trial was had on the merits of the case and judgment entered thereon.

We turn next to appellant's contention that because the trial judge had the case under advisement for approximately five and a half months that his motion for a new trial should have been granted. As in the case of Eberhard v. Mehlman, D.C.Mun. App., 60 A.2d 540, 542, "though we cannot and do not approve the long delay in the decision of this case, we cannot say that the circumstances so tainted the finding as to require the granting of a new trial, or that it was an abuse of discretion to refuse it."

While appellant tries to distinguish the present case from the Eberhard case, we do not think his distinction is a valid one. On the contrary, the facts in this case are even stronger in support of the conclusion of the Eberhard case, for here the trial judge has stated that she was "incapacitated for eight weeks or more" during this period due to illness, plus the fact that in this case the delay was only five and a half months, while in the Eberhard case the delay was some thirteen months.

Along with his answer, appellant filed a counterclaim. Appellee never filed an answer to this counterclaim. Part of the judgment of the trial court was "for plaintiff on defendant's counterclaim." This appellant assigns as error, claiming that judgment can not be given for plaintiff on defendant's counterclaim when plaintiff has failed to file an answer. He argues that

rule 7(a) makes it mandatory for the plaintiff to file a reply to his counterclaim and that by failing to do so became subject to rule 55(d) which authorizes a default judgment to be entered in favor of a party who has pleaded a counterclaim to which no reply has been filed.

Appellant fails to take into consideration the language of rule 55(a): "When a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend* * * * the clerk shall enter his default." (Emphasis supplied.) Nor has rule 55(b) (2) been complied with. This rule requires that "If the party against whom judgment by default is sought has appeared in the action, he shall be served with a written notice of the application for judgment at least 3 days prior to the hearing of such application." There is no suggestion that appellant served such notice or that he ever made application for such default judgment. There is, however, ample testimony in the lengthy stenographic transcript before us, to indicate that appellant introduced evidence in support of this counterclaim and that appellee defended against it.

Appellant finally argues that the trial court erred in finding the facts as stated in its memorandum opinion and that the trial court further erred by applying erroneous conclusions of law to those facts. Suffice it to say that we have carefully studied the entire record, consisting as it does of almost 500 pages of testimony, exhibits, pleadings, motions, and other matter, and we are convinced that this was a trial on the merits of the issues raised by the pleadings, and that the trial court's findings and judgment are adequately supported by the law and the evidence.[16]

Affirmed.

14. This is apparently what happened at the trial below. See the remarks of the trial judge, supra.

15. 4 Am.Jur., Attachment & Garnishment, § 503. "In the case of a foreign attachment, it would seem, under such a traverse, that the fact of nonresidence would be the only issue."

16. Weinstein v. Rodger Corp., D.C.Mun. App., 90 A.2d 827.