**NATIONAL BRICK & SUPPLY CO., Inc. v. BRADSHAW.**

No. 1254.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 6, 1952.

Decided Oct. 29, 1952.

George S. Jordan, Washington, D. C., for appellant.

John T. Reges, Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

The basic question on this appeal is whether the trial court improperly quashed an attachment before judgment which had issued on the ground of the non-residence of defendant.

Plaintiff below, National Brick & Supply Co., Inc., filed an action to recover a balance due from defendant for goods sold. Along with his suit plaintiff filed an affidavit alleging that defendant was a non-resident of the District of Columbia. He also filed a bond with approved surety as required by law. Under Code 1951, § 16–301, a writ of attachment was issued and defendant's property was seized. Defendant moved to quash the attachment, supporting his motion by affidavit, admitting non-residency and claiming that his place of business was in the District of Columbia. He further averred that he was available for service of process in the District of Columbia. He specifically denied that he owed the plaintiff the amount claimed and averred that the statements in plaintiff's affidavit were not true.

■ Defendant's admission of non-residency appears in his affidavit thus: "it is true that he [defendant] actually lives in the State of Maryland, that is to say that his home is located in Chapel Oaks, Maryland, a suburb of the District of Columbia, but actually only his sleeping hours are spent there." He further avers that "His days and evenings are spent at his place of business located * * * [in the] District of Columbia, * * * and he had been and will continue to be available for service of process." However, as we said in D'Elia & Marks Co. v. Lyon, D.C.Mun. App., 31 A.2d 647, 648, "Residence is the test, and the fact that defendant had an established office in the District and presumably was available for personal service is not material."

■ Having admitted non-residency defendant's affidavit only traversed the main issue in the complaint. As we have said today in Morfessis v. Thomas, D.C.Mun.

App., 91 A.2d 833, "It is not permissible for the defendant, by a motion to quash an attachment, to show that the debt is not due or that the amount claimed by plaintiff is unconscionable or unreasonable; nor upon such a motion can the nature, validity, or justice of the cause of action sued on be inquired into. This would be to try in a summary and collateral way the main issue in the case."

Falling, as this case does, within what we said in the Morfessis case, we must reverse the order appealed from and remand the cause with instructions to reinstate the attachment and deny the motion to quash.

Reversed.